559 A.2d 570

**John OMODIO**

v.

**AETNA LIFE AND CASUALTY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1988.

Filed May 25, 1989.

Robert C. Little, Pittsburgh, for appellant.

Edward H. Walter, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

ROWLEY, Judge:

The sole issue presented in this appeal by Aetna Life and Casualty ("Aetna") is whether a provision in an automobile liability insurance policy issued by Aetna to appellee John Omodio which excludes from first party benefits coverage any bodily injury sustained by "any person ... as a direct result of loading or unloading any motor vehicle" is valid under the terms of sections 1711 and 1712 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("the Financial Responsibility Law"), 75 Pa.C.S. §§ 1711, 1712, which direct insurers to make available for purchase first party benefits "with respect to injury arising out of the maintenance or use of a motor vehicle...." The trial court, concluding that coverage of persons in Omodio's situation was required by the Financial Responsibility Law, rendered

judgment in favor of Omodio and against Aetna in Omodio's action to recover excess wage loss benefits under the policy. For the reasons set forth below, we affirm the judgment entered by the trial court.

The facts of the case are as follows: On October 8, 1985, plaintiff/appellee Omodio, acting within the scope of his employment as a truck driver for McKesson Drug Company, sustained an injury to his lower back while standing inside and loading his truck. Omodio submitted a claim for excess wage loss benefits to Aetna. Aetna denied the claim, explaining in a letter to Omodio that it did so in reliance upon the policy's exclusion from coverage of anyone "sustaining injury as a direct result of loading or unloading any motor vehicle."

On July 7, 1986, Omodio filed the present action against Aetna to recover excess wage loss benefits. The case was initially heard by a panel of arbitrators, who awarded damages for Omodio and against Aetna in the amount of $15,000, the maximum amount recoverable as excess wage loss benefits under Omodio's policy. Aetna appealed the arbitrators' award to the Court of Common Pleas, and the case was submitted to the trial court as a case stated, with the parties reserving the right to appeal. The trial court rendered judgment in favor of Omodio, and this timely appeal followed.

In an opinion dated July 14, 1988, the trial court set forth the reasons for its decision. First, section 1921(c)(5) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(5), provides that when the words of a statute are not explicit, the former law on the subject is one of the matters that may be considered in order to ascertain the intent of the legislature. The Financial Responsibility Law does not define "maintenance or use of a motor vehicle," [1] and therefore, the trial court explained, the courts may look to the definition of the phrase that is contained in the prior statute, the Pennsylvania No-fault Motor Vehicle Insurance Act

---

**1.** Nor, we add, does the definitions section of the Vehicle Code, 75 Pa.C.S. § 102, provide such a definition.

("the No-fault Act"), 40 P.S. §§ 1009.101 et seq. That definition is as follows:

> *"Maintenance or use of a motor vehicle"* means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include:
>
> .        .        .        .        .
>
> (B) conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or alighting from it.

40 P.S. § 1009.103 (repealed) (emphasis in original). Although Omodio sustained injury while loading his vehicle, he was occupying the vehicle at the time and therefore would have been entitled to recover if his suit had been brought under the No-fault Act.

A second element of the trial court's analysis is the principle "expressio unius est exclusio alterius": where some things are specifically designated in a statute, things not so designated should be understood as having been excluded. *Samilo v. Commonwealth, Department of Insurance*, 98 Pa.Cmwlth. 232, 234–35, 510 A.2d 412, 413 (1986). Section 1718 of the Financial Responsibility Law, 75 Pa.C.S. § 1718, specifies the circumstances under which individuals shall be excluded from benefits, and the specified exclusions do not include loading or unloading motor vehicles.[2] Therefore, the trial court reasoned, in light of

---

**2.** 75 Pa.C.S. § 1718, Exclusion from benefits, provides as follows:
(a) **General rule.**—An insurer shall exclude from benefits any insured, or his personal representative, under a policy enumerated in section 1711 (relating to required benefits) or 1712 (relating to availability of benefits), when the conduct of the insured contributed to the injury sustained by the insured on [sic] any of the following ways:
(1) While intentionally injuring himself or another or attempting to intentionally injure himself or another.
(2) While committing a felony.
(3) While seeking to elude lawful apprehension or arrest by a law enforcement official.
(b) **Conversion of vehicle.**—A party who knowingly converts a motor vehicle is ineligible to receive first party benefits from any

the maxim just cited, an individual such as Omodio who sustained injury while occupying and loading a motor vehicle cannot lawfully be excluded from coverage.

In addition, the trial court noted, the objectives underlying mandatory automobile insurance coverage and the legislative history of the Financial Responsibility Law suggest that recovery should be allowed in Omodio's situation. Legislative debate on the Financial Responsibility Law, the trial court observed, "recognize[d] the need for continued coverage of broad scope to assure the financial integrity of policyholders" (Trial Court Opinion at 7). Taking into consideration all of the factors just discussed, the trial court concluded that the policy exclusion upon which Aetna relied in denying benefits to Omodio is "in derogation of applicable law and contrary to the intent of the General Assembly" (Trial Court Opinion at 8).

In the present appeal, Aetna raises two objections to the analysis relied upon by the trial court. Aetna argues, first, that the omission from the Financial Responsibility Law of the "maintenance or use" definition set forth in the former No-fault Act indicates the legislators' intention *not* to extend coverage to injuries sustained while loading or unloading a motor vehicle. Aetna's argument is based on the principle that deletion of statutory language by the legislature renders the language inoperative and indicates a change in legislative intent. *Deremer v. Commonwealth, Workmen's Compensation Appeal Board*, 61 Pa.Cmwlth. 415, 420, 433 A.2d 926, 928 (1981).

As the trial court observes, however, "[t]o the extent that [Aetna's] assertion recites a rule of black letter law it is

source other than a policy of insurance under which he is an insured for any injury arising out of the maintenance or use of the converted vehicle.

(c) **Named driver exclusion.**—An insurer may exclude any insured or his personal representative from benefits under a policy enumerated in section 1711 or 1712 when the insured is excluded from coverage while operating a motor vehicle in accordance with the act of June 5, 1968 (P.L. 140, No. 78) [40 P.S. § 1008.1 et seq.], relating to the writing, cancellation of or refusal to renew policies of automobile insurance.

correct; but its application is misdirected" (Trial Court Opinion at 4). If the drafters of the Financial Responsibility Law had intended to delete entirely coverage of "conduct in the course of loading or unloading a motor vehicle," they could have done so clearly and unambiguously by deleting from subsection (B) of the "maintenance or use" definition the phrase "unless the conduct occurs while occupying, entering into, or alighting from it." The relevant portion of the exclusion would then read: "Maintenance or use of a motor vehicle does not include ... (B) conduct in the course of loading or unloading a motor vehicle." Instead, the entire definition of "maintenance or use of a motor vehicle" has been deleted. Thus, "[c]onsistent application of the logic [Aetna] espouses would almost certainly exclude from coverage not only those occupying a motor vehicle while loading or unloading pursuant to subsection (B) of the definition in question, but all those 'occupying, entering into, or alighting from' any vehicle pursuant to the definition's main text as the entire definition has now been omitted" (Trial Court Opinion at 4). We agree with the trial court that the legislature cannot have intended such an absurd or unreasonable result. 1 Pa.C.S. § 1922(1); *Zimmerman v. O'Bannon*, 497 Pa. 551, 556, 442 A.2d 674, 677 (1982).

A more reasonable view, suggested not only by the trial court but also by the authors of a treatise on the Financial Responsibility Law, J. Ronca, L. Sloane, & J. Mundy, *Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law* § 3.5(b) (1986), is that the omission of the loading/unloading exclusion from the Financial Responsibility Law evidences the legislature's intent that this class of victims *receive* coverage. Whether this interpretation is in fact correct, and *all* persons injured in the course of loading or unloading a motor vehicle—those who were not occupying, entering into, or alighting from the vehicle, as well as those who were—are entitled to coverage under the Financial Responsibility Law, is an issue that we are not called upon to resolve in this appeal, for the parties have stipulated that Omodio was standing inside the

vehicle when he sustained injury. We cite this interpretation, which would broaden rather than restrict coverage, simply as further support for our conclusion that the omission of the "maintenance or use" definition from the Financial Responsibility Law should not automatically be taken to indicate legislative disapproval of coverage for persons in Omodio's situation.

Moreover, in *Roach v. Port Authority of Allegheny County*, 380 Pa.Super. 28, 550 A.2d 1346 (1988), this Court was asked to determine whether a bus passenger who was injured when a fight broke out between two other passengers was entitled to recover under the Financial Responsibility Law. After noting that the No-fault Act defined "maintenance or use of a motor vehicle" as "maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it," and analyzing case law interpreting that definition, the Court concluded that the injury at issue did not arise from "use" of a motor vehicle. In the course of its analysis, the Court specifically noted the provision, in 1 Pa.C.S. § 1921(c)(5), allowing reliance upon former law. 380 Pa.Super. at 33, 550 A.2d at 1349–50.

Accordingly, we conclude that the definition of "maintenance or use of a motor vehicle" set forth in the prior No-fault Act is to be applied in determining whether Aetna is required by the present Financial Responsibility Law to extend coverage to the course of conduct at issue herein. Omodio's conduct clearly falls within this definition.

Aetna also argues, however, that the only "nonexcludable conditions" specified in the Financial Responsibility Law are the following:

**§ 1724. Certain nonexcludable conditions**

**(a) General rule.**—Insurance benefits may not be denied solely because the driver of the insured motor vehicle is determined to be under the influence of drugs or intoxicating beverages at the time of the accident for which benefits are sought.

**(b) Contract exclusions.**—Provisions of an insurance policy which exclude insurance benefits if the insured causes a vehicular accident while under the influence of drugs or intoxicating beverages at the time of the accident are void.

75 Pa.C.S. § 1724. In Aetna's view, therefore, the maxim "expressio unius est exclusio alterius," cited by the trial court as a reason for allowing coverage, is in fact a reason for denying coverage, because the fact that an accident occurred while the insured was loading or unloading a motor vehicle is not listed in 75 Pa.C.S. § 1724 as a nonexcludable condition.

As was the case with regard to its first argument, Aetna has correctly cited a principle of black letter law, but has applied it too broadly. If Aetna's argument is taken to its logical conclusion, an insurer may exclude from coverage *any* activity not mentioned in 75 Pa.C.S. § 1724, even if the activity would otherwise be considered an aspect of the "maintenance or use of a motor vehicle" for which an insurer *shall*, under the terms of 75 Pa.C.S. §§ 1711 and 1712, provide coverage. Such an argument, if accepted, would render meaningless any attempt to define the parameters of mandatory coverage under the Financial Responsibility Law. Because loading a motor vehicle while occupying the vehicle is an activity which falls within the purview of "maintenance or use" as referred to in 75 Pa.C.S. §§ 1711 and 1712, it is an activity for which coverage must, under the terms of the same statutory provisions, be provided. Our decision on this issue is in accord with the principle that the Financial Responsibility Law, like the No-fault Act, is to be liberally construed. *Persik v. Nationwide Mutual Insurance Company*, 382 Pa.Super. 29, 33, 554 A.2d 930, 932 (1989) (petition for allowance of appeal pending). We hold, therefore, that the exclusion in Aetna's policy is contrary to sections 1711 and 1712 of the Financial Responsibility Law, 75 Pa.C.S. §§ 1711 and 1712, and is, for that reason, void. Accordingly, we affirm the judgment entered by the trial court in favor of appellee John Omodio.

Judgment affirmed.