568 A.2d 264

**Daniel CALLAHAN, Appellant,**

v.

**FEDERAL KEMPER INSURANCE COMPANY, a Corporation.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1989.

Decided Dec. 26, 1989.

202

Brian P. Gallagher, Allison Park, for appellant.

Lisa Ondich, Pittsburgh, for appellee.

Before ROWLEY, MELINSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order and judgment below reversing an order of the arbitrators and entering judgment in favor of appellee Federal Kemper Insurance Company and against appellant Daniel Callahan for excess wage loss benefits. Appellant raises the following issue on appeal:

I. Whether an exclusion in an automobile insurance policy stating that coverage does not extend to one sustaining injury as a direct result of loading or unloading a motor vehicle is valid under the terms of the Motor Vehicle Financial Responsibility Law.

For the following reasons, we agree that the policy exclusion cannot stand and, accordingly, we reverse the order and judgment below and reinstate the order of the arbitrators.

On September 11, 1985, appellant, employed as a truck driver, drove a tractor trailer loaded with forty bathtubs from Pittsburgh to Chicago. In Chicago, appellant unloaded the bathtubs from the trailer. When lifting the last bathtub, appellant slipped inside the trailer and was pinned up against the inside of the truck, sustaining severe injuries to his back. Because appellant's injuries occurred in the course of his employment as a truck driver, he received workmen's compensation benefits in the amount of $1,456.00 per month. On April 20, 1987, appellant filed a claim for excess wage loss benefits under an automobile insurance policy issued by appellee to him. The policy, which afforded coverage pursuant to the terms of the Pennsylvania Motor Vehicle Financial Responsibility Law (the MVFRL), provided for first party benefit protection with work loss limits up to a maximum of $5,000. Although the parties stipulated that appellant's injuries disabled him for a sufficient length of time to trigger the $5,000 coverage, appellee nonetheless denied coverage because of an

exclusion in the policy. While admitting the existence of the policy exclusion, appellant maintained below that the exclusion contravened the Financial Responsibility Law and therefore was invalid.

The case was first presented to the Arbitration Division of the Court of Common Pleas of Allegheny County, where a panel of three arbitrators found in favor of appellant and awarded him $5,000. Appellee appealed to the Common Pleas Court. On July 14, 1987, the parties submitted the action on "Joint Stipulations for Non–Jury Adjudication" and requested that the trial court enter "an appropriate verdict." The parties also reserved the right "to appeal the verdict/judgment of the trial court" and stated that neither party would be required to file post-verdict motions to perfect an appeal. On December 9, 1988, the trial court entered a non-jury verdict in favor of appellees, which was reduced to judgment. No motion for post-trial relief was filed. On January 4, 1989 this appeal followed.[1]

Initially, we note that the principles governing interpretation of a policy of insurance are well-settled.

> The interpretation of an insurance policy is a question of law that is properly reviewable by the court. In construing the policy, we are mindful that 'policy clauses providing coverage are interpreted in a manner which affords the greatest possible protection to the insured.... The insured's reasonable expectations are the focal point in reading the contract language.'

*Geisler v. Motorists Mut. Ins. Co.*, 382 Pa.Super. 622, 626, 556 A.2d 391, 393 (1989) (citations omitted).

---

**1.** There is some question as to whether this case proceeded on a case-stated basis, in which the parties failure to file post-trial motions would not effect our ability to rule upon the merits, or as a trial upon a stipulation of facts, in which case the appeal would have to be quashed. Consistent with a case-stated, the parties filed an agreed upon statement of facts to which the court was to apply the law. In this document the parties also reserved their right to appeal and jointly waived the requirement of filing post-trial motions in order to preserve their issues for appeal. On May 31, 1989, the trial court issued an order declaring that the case had been submitted as a case stated and directing that the verdict be treated as a final judgment. In light of these facts, we find that this appeal is properly before us.

The central dispute in this case surrounds an exclusionary clause in appellant's automobile insurance contract with appellee. The exclusionary provision reads as follows:

We do not provide benefits for bodily injury:

\* \* \* \* \* \*

12. Sustained by any person as a direct result of loading or unloading any motor vehicle.

Appellant argues that the policy exclusion, which purports to deny coverage for first party wage loss benefits to those injured while both occupying and unloading a motor vehicle, is invalid under the MVFRL. *See* 75 Pa.C.S.A. § 1701, *et seq.* Appellant submits that the tractor trailer he drove to Chicago and unloaded is a "motor vehicle" pursuant to § 1711 and the injuries he sustained arose out of the "maintenance and use" of that motor vehicle as required by § 1712. Appellant maintains that appellee's exclusionary provision is repugnant to the purpose underlying the MVFRL and is therefore invalid.

Appellee, on the other hand, maintains that its policy exclusion does not contravene the MVFRL because, although insurers must make available first party benefits with respect to injuries arising out of the maintenance and use of a motor vehicle, 75 Pa.C.S.A. § 1712, appellant's injuries were not sustained as a result of an activity with a "motor vehicle," but a trailer. Because appellant's injuries were not causally related to a motor vehicle, appellee submits he is not entitled to first party wage loss benefits.

The first question we must determine is whether the tractor trailer driven by appellant is a "motor vehicle" for purposes of the MVFRL. The MVFRL does not expressly define the term "motor vehicle." Section 1711 of the MVFRL provides in relevant part that:

[a]n insurer issuing or delivering liability insurance policies covering *any motor vehicle of the type required to be registered under this title,* except recreational vehicles not intended for highway use, motorcycles, motor-driven cycles or motorized pedalcycles or like type ve-

hicles, registered and operated in this Commonwealth,
shall include coverage...., with respect to injury arising
out of the maintenance or use of a motor vehicle.

*Id.* (emphasis added). The object of all interpretation of
statutes is to ascertain and effectuate the legislative intent.
1 Pa.C.S.A. § 1921; *Roach v. Port Auth. of Allegheny Cty.*,
380 Pa.Super. 28, 33, 550 A.2d 1346, 1349 (1988). In inter-
preting a statute, we must construe the words of the
statute according to their plain meaning and usage, with
technical words being given their technical meaning.
*Adams v. Harleysville Ins. Co.*, 381 Pa.Super. 370, 553
A.2d 1014 (1989). Moreover, we note that, in determining
the intent of the legislature, "when the words are not
explicit such intent may be determined by considering
among other matters, 'the former law, if any, including
other statutes upon the same or similar subjects.'" 1
Pa.C.S.A. § 1921(c)(5).

■ With these principles in mind, we note that, in con-
struing the now-repealed No–Fault Act,[2] this Court has
looked to the Pennsylvania Motor Vehicle Code, 75 Pa.C.
S.A. § 101 *et seq.*, for guidance. The definitional section of
the Code defines "motor vehicle" as "a vehicle which is
self-propelled, except one which is propelled solely by hu-
man power or by electrical power obtained from overhead
trolley wires, but not operated upon rails." *Id.* at § 102.
*Accord* 1 Pa.C.S.A. § 1991. Moreover, under § 102, "ve-
hicle" is defined as "every device, in, upon or by which any
person or property is or may be transported or drawn upon
a highway, except devices used exclusively upon rails or
tracks." *Id.* Furthermore, a "trailer" is defined as "a
vehicle designed to be towed by a motor vehicle," and
finally, a "truck tractor" is defined as "a motor vehicle
designed and used primarily for drawing other vehicles and
not so constructed as to carry a load other than a part of
the weight of the vehicle and load so drawn." *Id.*

**2.** On February 12, 1984, the Pennsylvania General Assembly repealed
the No–Fault Act, *see* 40 Pa.S.A. § 1009.103 (repealed 1984, Feb. 12,
P.L. 26, No. 11, Section 8(a), effective Oct. 1, 1984), and enacted the
Financial Responsibility Law.

Under these definitions, there is no question that an *unattached* trailer is not a motor vehicle. Likewise, there is no question that a truck tractor *is* a motor vehicle. The problem however, arises when that trailer is attached to a truck tractor which is then operated as one unit. The Code does not specify whether the resulting "tractor trailer" is a motor vehicle or not. Appellee would suggest that the components of the tractor trailer retain their independent identities: thus, if an insured is injured in the "tractor" portion, he would be covered, but if he is injured in the "trailer" portion, he would not. We disagree. The purpose behind the MVFRL is to provide broad coverage to assure the financial integrity of the policyholder, and like its predecessor (the No–Fault Act), the MVFRL is to be liberally construed in order to effectuate that purpose. *Omodio v. Aetna Life & Cas.*, 384 Pa.Super. 544, 545, 559 A.2d 570, 572 (1989); *see also Donegal Mut. Ins. Co. v. Long*, 387 Pa.Super. 574, 564 A.2d 937 (1989). Consistent with this purpose, courts have refused to impose external restrictions on the rights of claimants. *See* Couch on Insurance 2d (rev. ed. YEAR) § 45:733 ("the purpose of the financial responsibility acts of protecting insured claimants is not to be defeated by imposing restrictions on the claimant not called for by the statute") (cited with approval in *Donegal Mut. Ins. Co. v. Long, supra*, 387 Pa.Superior Ct. at 586 n. 4, 564 A.2d at 943 n. 4.). To accept the tortured construction suggested by appellee, which is *not* required by the statute, and which is completely at odds with the reasonable expectations of the *insured*, would defeat this remedial purpose.

In addition, we note that a conclusion that a "tractor trailer" is a "motor vehicle" is not inconsistent with the definitional section of the *Motor Vehicle Code*. A tractor trailer is a "vehicle" in that it is (1) a device (2) in upon or by which any person or property may be transported upon a highway. *Id.* at § 102. Moreover, it is a "motor" vehicle in that it is (1) a vehicle, that is (2) self-propelled (at least when the tractor and trailer are attached as in this case), and (3) it does not receive power from overhead wires nor operate

exclusively on rails or tracks. Finally, the truck tractor to which the trailer is attached must be registered under the Vehicle Code. 75 Pa.C.S.A. § 1916. *Allen v. Erie Ins. Co.,* 369 Pa.Super. 6, 534 A.2d 839 (1987). *See also Pugh v. Government Employees Insurance Company,* 380 Pa.Super. 606, 609, 552 A.2d 708, 709–10 (1989) (guideline for determining whether insured is entitled to first party benefits under the Financial Responsibility Law is whether insured vehicle is vehicle of type required to be registered). Accordingly, for the above-stated reasons, we conclude that a tractor trailer is a "motor vehicle" for purposes of the MVFRL.

The remaining question for determination is whether the automobile insurance policy exclusion, which would deny coverage for bodily injury sustained as a result of "loading or unloading" a motor vehicle, is valid under the MVFRL. This question is controlled by our recent decision in *Omodio v. Aetna Life and Casualty,* 384 Pa.Super. 544, 559 A.2d 570 (1989) (opinion by Rowley, J.). In *Omodio,* we held that a provision in an automobile insurance policy which excludes from first party benefits coverage bodily injury sustained as a direct result of loading and unloading a motor vehicle contravenes the MVFRL and is therefore invalid. *Id.,* 384 Pa.Superior Ct. at 546, 559 A.2d at 574. In arriving at this conclusion, the *Omodio* Court found that occupying and unloading a motor vehicle fits within the meaning of "maintenance and use" as specified in § 1712 of the MVFRL; and because the MVFRL requires that insurers provide first party benefits for injuries arising out of the maintenance and use of a motor vehicle, the provision clearly contravened the MVFRL and was invalid. Likewise, we adopt the reasoning in *Omodio,* and find the exclusionary provision in this case to be invalid.

For the forgoing reasons, we find that a tractor trailer is a "motor vehicle" for purposes of the MVFRL. Furthermore, in light of our holding in *Omodio,* we conclude that a provision in an insurance policy which excludes from first party benefits injuries resulting from loading or unloading

a motor vehicle is unenforceable. Accordingly, we reverse the order and judgment below and reinstate the award of the arbitrators.

Order and Judgment reversed.