## Corry v. Nationwide Insurance Company

*Edward D. Conway,* for plaintiff.
*Mary Rogers Auchincloss,* for defendant.

KEELER, *J.*, January 8, 1990 — Plaintiff filed this action seeking first-party benefits under her automobile insurance policy issued by defendant after she was injured while standing near a truck. Ms. Corry was attending an auction where she had purchased certain goods, including a copier. One of the workers from the auction told her "to come over to the truck and I'll hand to you the cartridge for the copier." While she was waiting outside the back of the truck, a pole fell out of the truck and struck Ms. Corry on the forehead and other portions of her body. At the time the pole toppled, Ms. Corry was standing approximately "a foot or less" from the truck itself.

Based upon this record, both parties have filed cross-motions for summary judgment, claiming that

the court can determine the issue of whether or not Ms. Corry is entitled to first-party benefits from her insurance company. The insurance policy issued by defendant specifically excludes payment of first-party benefits where injuries result from loading or unloading any automobile. Plaintiff contends that this language is unenforceable as contrary to the specific statutory provisions of the Pennsylvania Financial Responsibility Act. In support of this contention, plaintiff directs the court's attention to two recent cases which declared specific exclusions in insurance policies unenforceable. *Omodio v. Aetna Life and Casualty,* 384 Pa. Super. 544, 559 A.2d 570 (1988); *Kardos v. Allstate Insurance Co.,* 136 Pitts. L. J. 389 (1988). Plaintiff suggests that these cases stand for the proposition that any exclusionary language which prevents an individual from receiving compensation as a direct result of loading or unloading any vehicle is void as contrary to the financial responsibility law. A reading of the *Omodio* decision suggests that plaintiff's position overgeneralizes the current status of the law.

In *Omodio,* the plaintiff suffered an injury to his lower back while standing inside and loading his truck for work. The defendant insurance company refused to pay a claim for excess wage-loss benefits in reliance upon its policy's exclusion from coverage for anyone "sustaining injury as a direct result of loading or unloading any motor vehicle." *Omodio, supra.* The trial court in *Omodio* found that the defendant's exclusionary language violated the terms of the Financial Responsibility Law and was therefore unenforceable. In reaching this conclusion, the trial court relied upon the fact that the Financial Responsibility Law contained no language which omitted the "loading/unloading exclusion" which was present in its predecessor statute, the

No-fault Act. Thus, the trial court held that this omission evinced the legislature's intention that persons loading or unloading motor vehicles were eligible for benefits. In affirming the trial court's decision, the Superior Court observed:

"Whether this interpretation is in fact correct and all persons injured in the course of loading or unloading a motor vehicle — those who were not occupying, entering into, or alighting from the vehicle, as well as those who were — are entitled to coverage under the financial responsibility law, is an issue that we are not called upon to resolve in this appeal. . . . " *Id.* (emphasis supplied) Thus, *Omodio* did not decide the precise issue presented here. However, *Omodio* did reach a legal conclusion which has impact on this case. Specifically, the court held that "the definition of 'maintenance or use of a motor vehicle' set forth in the prior No-fault Act is to be applied in determining whether . . . [an insurer] is required by the present financial responsibility law to extend coverage. . . . " *Id.* Thus, we are directed to the No-fault Act for a determination of what properly falls within the ambit of the Financial Responsibility Act in terms of maintenance of use of a motor vehicle. The No-fault Act provided:

"Maintenance or use of a motor vehicle means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include:

. . .

"(B) Conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or alighting from it." 40 P.S. § 1009.103 (repealed).

In applying this definition of maintenance or use of

a vehicle, it is clear that loading or unloading a motor vehicle does not fit within the definition of maintenance or use unless such loading or unloading is an adjunct to occupation, entry or exit from the vehicle itself. Clearly then, Ms. Corry was not a member of the class which was meant to be afforded protection. Ms. Corry was not at the time of the accident involved in an effort to occupy, enter or exit the vehicle. Rather, she was simply waiting to receive a package from an individual who was in the back of the truck. Unfortunately for Ms. Corry, she was struck while waiting just outside the rear of the vehicle.

While *Omodio* speaks in rather broad terms in order to establish entitlement to protection under the terms of the Financial Responsibility Law, the holding is founded on the application of the No-fault Act's definition of maintenance or use of a motor vehicle. In the *Omodio* situation, the application of that statute where an individual was actually present within the vehicle commended an outcome which commanded the insurance company to provide coverage. Where, as here, the plaintiff was not within the vehicle or attempting to enter or exit the vehicle, the analysis is different and a contrary result is obtained.

Plaintiff also directs our attention to the *Kardos* decision of the Allegheny Court of Common Pleas. Here again, the facts are distinguishable from the case at bar. In *Kardos,* the plaintiff was injured while inside a vehicle stacking packages. *Kardos, supra.* Thus, the factual matrix is more readily identifiable with the facts in *Omodio* as contrasted with the facts of this case.

For the foregoing reasons, the court must deny plaintiff's motion for summary judgment and grant defendant's cross-motion for summary judgment. Accordingly, defendant has no obligation to pay first-party benefits to plaintiff.