**Huber v. Erie Insurance Exchange**

John R. Ryan, for plaintiff.
Beth Ammerman Gerg, for defendant.

REILLY, *P.J.,* April 27, 1990 — The undisputed facts in this case are that on September 29, 1988, plaintiff, standing at the rear of his vehicle, was loading building materials onto his vehicle when he sustained injuries. At the time, he was insured by defendant under an automobile insurance policy. Plaintiff submitted a claim to Erie Insurance Exchange for first-party benefits which was denied. In issuing its denial, Erie relied on an exclusionary provision in the policy which provided that first-party benefits are not available to "any person sustaining injuries as a direct result of loading or unloading any motor vehicle except while occupying a vehicle." The policy further defined "occupying" as follows: "Occupying means in or upon, getting into or getting out of." Defendant argues that since plaintiff was not "occupying" his vehicle within the definition of the policy he is not entitled to the benefits he claims.

This court agreed and on February 16, 1990, entered an order granting defendant's motion for judgment on the pleadings.

The current Motor Vehicle Financial Responsibility Law provides that first-party benefit coverage shall be made available with respect to "injuries arising out of the maintenance or use of a motor vehicle." 75 Pa.C.S. §§1711 and 1712. The act, however, does not contain any specific definition of the phrase "maintenance or use." By contrast, the predecessor statute, the No-fault Act, specifically excluded coverage for injuries sustained in the course of loading or unloading a motor vehicle unless the injury occurred while occupying, enter-

ing into or alighting from the vehicle, substantially the same language as stated in defendant's contract with plaintiff.

Further, this court has been unable to locate any appellate court decision addressing the issue directly. In his brief, plaintiff cites two cases which he claims to be on point, they being *Omodio v. Aetna Life and Casualty,* 384 Pa. Super. 544, 559 A.2d 570 (1989) and *Callahan v. Federal Kemper Insurance Company,* 390 Pa. Super. 201, 568 A.2d 264 (1989). In both *Omodio* and *Callahan,* however, it must be noted that the plaintiff was either in or upon the motor vehicle when the injuries occurred, while in the case at issue here, plaintiff was clearly not either in or upon his vehicle.

It appears to this court, therefore, that since neither the statute nor appellate decisions require anything to the contrary, the provisions of plaintiff's insurance contract, which he clearly accepted, must therefore govern in situations where they clearly apply, and herein must operate to exclude coverage under the facts set forth.

In view of the above, the court determined that plaintiff's policy of insurance clearly excludes coverage under the facts of this case and there being no statutory or appellate decision to the contrary, entered its order of February 16, 1990.