## In re Public Sale of Property in Sharon Hill Borough

*Robert N. DeLuca* and *William J. Winning,* for Acme Markets Inc.

*Robert J. Carey,* for Payless ShoeSource Inc., CHN Inc., Ye Yang, Gaetano DeLuca and Chang Heath.

*James E. DelBello,* for Tax Claim Bureau of Delaware County.

*Jerry Rosenberg,* for Fashion Bug Plus of Sharon Hill Inc.

*Aaron G. Hove,* for Payless ShoeSource Inc.

*Mark E. Rosendorf,* for CHN Inc.

*Charles J. Slane,* for Rite Aid Corp.

*William R. Gilligan,* for U.S. Postal Service.

LABRUM, *J.,* December 14, 1992—On July 29, 1992, a petition for the public sale of property was filed with the court by the Delaware County Tax Claim Bureau. The property in question is located in Sharon Hill Borough and consists of a shopping center containing various retail stores. Answers and objections to the petition were filed with the court by various leaseholders at the subject property seeking, inter alia, to have the court enter an order holding that any judicial tax sale of the property be made

subject to the leasehold interests of the tenants of the shopping center.

Following a hearing on the petition, the court, by order dated September 18, 1992, held that a judicial sale of the property pursuant to sections 610 through 612 of the Pennsylvania Real Estate Tax Sale Law, 72 P.S. §5860.610-612, does not extinguish leasehold interests in the subject property which exist at the time of the judicial sale. The court further certified this issue as a controlling question of law which would materially advance the ultimate determination of the matter before the court and the Tax Claim Bureau, accordingly, filed a notice of appeal to the Commonwealth Court of Pennsylvania from the court's order.

The Tax Claim Bureau contends that the court erred in holding that a judicial sale of property pursuant to sections 610 through 612 of the Real Estate Tax Sale Law does not extinguish leasehold interests which exist in the subject property at the time of the sale. Since this issue appears to be one of first impression in Pennsylvania, our analysis of the question must focus upon the language of the Statute itself.

Section 610 through 612 of the Real Estate Tax Sale Law sets forth the procedure which must be followed to obtain an order directing the judicial sale of property. Section 610 requires that the process be instituted by the filing of a petition and the issuance of a rule upon specified interested parties. These parties are determined by information to be provided by the petitioning party which shows "the state of the record and the ownership of the property and all tax and municipal claims, liens, mortgages, ground rents, charges and estates against the same."

Section 611 provides for the service of the rule upon the interested parties established pursuant to section 610 and section 612 then provides for the hearing procedure on the petition. In pertinent part, section 612 reads as follows:

"(a) If upon hearing, the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true, it shall order and decree that said property be sold at a subsequent day to be fixed by the court, freed and cleared of all tax and municipal claims, mortgages, liens, charges and estates, except separately taxed ground rents, to the highest bidder, and that the purchaser at such sale shall take and thereafter have absolute title to the property sold free and clear of all tax and municipal claims, mortgages, liens, charges and estates of whatsoever kind, except ground rents separately taxed...." 72 P.S. §5680.612.

Thus, section 612 of the Tax Sale Law provides for the divestiture of certain numerated interests in property sold pursuant to a judicial sale. Significantly, leaseholds are not among the interests specified as being divested. The Tax Claim Bureau contends that the court erred in not interpreting the Tax Sale Law so as to include leaseholds as among those interests divested by a judicial tax sale.

The object of all statutory interpretation is to ascertain and effectuate the legislative intent. Thus, in interpreting a statute, the words of the statute must be construed according to their plain meaning and usage with technical words being given their technical meaning. *Callahan v. Federal Kemper Insurance Co.,* 390 Pa. Super 201, 568 A.2d 264 (1989). In applying this principle to section 612 of the Tax Sale Law, we find that leaseholds could

arguably fall within only one category of interests which are numerated as being divested by a judicial sale, namely, "estates." A review of the Tax Sale Law establishes that the term "estates" is nowhere defined in the statute itself. Accordingly, the term must be given its plain meaning and since it is a technical legal term, it must be given its technical meaning. The term "estate" is defined as follows:

"The interest which one has in lands or in any other subject of property.... The condition or circumstance in which the owner stands with regard to his property." Black's Law Dictionary (4th ed. 1951.)

Since leaseholds do not create a condition or circumstance by which an owner stands with regard to his property, they are not generally considered estates within the technical meaning of the term. Thus, the term "estates" as used in section 612 of the Tax Sale Law cannot properly be interpreted so as to include leaseholds within its parameters. Therefore in order to conclude that leaseholds are among those interests divested by a judicial sale, section 612 must be interpreted as including an item not specifically mentioned in the language of the statute.

When the legislature includes specific designations in an Act, omissions from the list of items or things mentioned should be regarded as exclusions. *City Counsel of the City of Hazelton v. the City of Hazelton,* 134 Pa. Commw. 174, 578 A.2d 580 (1990); *Samilo v. Commonwealth of Pennsylvania Insurance Department,* 98 Pa. Commw. 232, 510 A.2d 412 (1986). Accordingly, we must give effect to the Legislature's intent as it is expressed in the language of the statute and an omission in the statute cannot be supplied where it appears that the matter has been intentionally omitted. *Huffman v. Borough of Millvale,* 139 Pa. Commw. 349, 591 A.2d 1137 (1991).

Applying these principles to the Real Estate Tax Sale Law, the Legislature easily could have included leaseholds among those numerated interest subject to divestiture by a judicial sale or, in the alternative, it could have defined the term "estates" so as to include leaseholds. The Legislature's deliberate decision not to take either of these actions leads us to conclude that it did not intend to include leaseholds as among those interests subject to divestiture by a judicial sale of property.

We find further support for this conclusion in the fact that while the Tax Sale Law provides for the right of holders of interests in property subject to judicial sale to protect those interests by permitting them to discharge the tax claim on the property prior to its sale, no such right is extended to those with leasehold interests in the property. Thus, to interpret the Tax Sale Law in the manner urged by the Tax Claim Bureau would result in leaseholders being divested of their property interests without being afforded any right to protect those interests while at the same time affording such rights to others similarly situated. We are of the opinion that such a result is unreasonable and decline to interpret the Tax Sale Law in such a manner in the absence of a clear, unambiguous legislative intent. The consequences of a particular statutory interpretation must be considered because it is presumed that the legislature did not intend an absurd or unreasonable result. *Appeal of Iggy Inc.,* 140 Pa. Commw. 168, 592 A.2d 122 (1991).

It is for these reasons that the court entered the order holding that a judicial sale of property pursuant to section 610 through 612 of the Pennsylvania Real Estate Tax Sale Law does not extinguish leasehold interests in the property existing at the time of the sale.