460 A.2d 353

**Jaime CAMACHO, Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1981.

Filed May 13, 1983.

Petition for Allowance of Appeal Granted Sept. 7, 1983.

Harold Einhorn, Philadelphia, for appellant.

J.M. Marsh, Philadelphia, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, Civil Division, which denied appellant's petition for No-Fault benefits.

The facts are as follows: On July 29, 1979, while a policy was in effect with Nationwide Insurance Company, Mr. Camacho, the appellant herein, was operating his automobile in the vicinity of 6th and Moore Streets in Philadelphia, Pennsylvania. At about 1:30 A.M., as he was driving his

automobile, another automobile with five men approached his automobile from the rear at a high rate of speed. When adjacent to his automobile, one of the occupants of the other automobile threw an object into Mr. Camacho's moving automobile through an open window. While still driving, Mr. Camacho reached over into the seat next to him to pick up the object which was the size of a small bottle and was sparking. After he had picked up the object and, in the course of throwing it out the window of his car, it exploded in his hand causing the loss of one-third of the right ring finger and other severe and permanent injuries to his right hand.

We are faced with an interpretation of the legislative intent in the adoption and passage of the *Pennsylvania No-Fault Motor Vehicle Insurance Act, 1974, July 19, P.L. 489, No. 176, Art. 1, Sec. 101, et seq.; 40 P.S. Sec. 1009.101 et seq.*

In *Section 1009.102 b* of the Act, the purpose is clearly set forth. "Therefore, it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a statewide system of prompt and adequate basic loss benefits for *motor vehicle accident victims* and the survivors of deceased victims.

*Section 1009.103* defines the contemplated injuries to be covered as: "Injury means accidentally sustained bodily harm to an individual and that individual's illness, disease, or death resulting therefrom" and victim as: "an individual who suffers injury arising out of the maintenance or use of a motor vehicle"; "deceased victim" means a victim suffering death resulting from injury. Also, "maintenance and use of a motor vehicle" means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it."

The Act must be read as a whole and not each section thereof individually to determine its scope. It is clear that this was never intended to be a general liability insurance which would cover all injuries, no matter how remotely

connected with the use or maintenance of a motor vehicle, but is intended to cover motor vehicle accidents. The economics of the Act are completely destroyed by any other interpretation.

We have here an intentional tort which has no connection with a motor vehicle accident other than that the injured party was operating a motor vehicle at the time of its commission.

The term "Motor Vehicle Accident" is one of common parlance in today's society and the coverage of the Act is limited to motor vehicle accidents while maintaining or using same.

Order affirmed.