572 A.2d 785

**Hugh J. SMITH, Jr. and Gertrude E. Smith, Individually and Hugh J. Smith, III, a Minor, by Hugh J. Smith, Jr. and Gertrude E. Smith, Appellants,**

**v.**

**UNITED SERVICES AUTOMOBILE ASSOCIATION.**

Superior Court of Pennsylvania.

Argued Dec. 12, 1989.

Filed April 10, 1990.

Robert G. Leino, Eagleville, for appellants.

David A. Williams, Media, for appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge.

This is an appeal from an order of the trial court which dismissed appellant's petition to compel arbitration.

Appellants, Hugh Smith, III, a minor, and his parents Hugh Smith, Jr. and Gertrude Smith, raise the following issues on appeal: (1) whether the injury to Hugh Smith, III, arose out of the ownership, maintenance or use of the tractor and haywagon; and (2) whether the tractor and

haywagon was an uninsured motor vehicle within the meaning of the policy.

On October 25, 1985, Hugh Smith, III, was riding his bicycle, along with his brother and some friends. While riding, the boys were passed by a tractor pulling a haywagon; the tractor and wagon were owned and operated by Daniel Mertz, who provided hayrides. Both adults and children were seated on the haywagon, and according to Smith, the children were throwing hay at each other and out of the wagon. Smith and the other boys rode behind the wagon, maintaining a distance of approximately ten feet. Smith, however, decided to get closer to the wagon, and moved his bicycle within five feet of it. At this point, a boy on the wagon threw hay in Smith's face. Smith was unable to see and attempted to stop his bicycle. Before coming to a stop, Smith collided with a tree and sustained a fractured skull.

Smith and his parents filed suit against Mertz and the other passengers on the haywagon.[1] In addition, appellants filed this separate action against appellee, United Services Automobile Association (USAA), their insurer, to compel the appointment of arbitrators. In dismissing appellants' petition, the trial court held that the injury did not arise out of the ownership, maintenance or use of an uninsured motor vehicle. For the reasons set forth below, we affirm the decision of the trial court.

Before turning to the merits of the issues, we must review the relevant policy provisions.

> The principles governing interpretation of a policy are well-settled.... In construing the policy, we are mindful that ... [o]ur object is ... to ascertain the intent of the parties as manifested by the language of the written instrument.... Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the

---

1. This action is pending in the court below. As it is completely separate from the action before us, issues relating to the alleged negligence of Mertz and the other passengers, as well as whether the passengers were insured, need not be addressed.

insured and against the insurer, the drafter of the agreement.... Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language.

*Geisler v. Motorists Mutual Insurance Co.*, 382 Pa.Super. 622, 626, 556 A.2d 391, 393 (1989). Using these principles as a guide, the uninsured motorist provisions of the policy are set forth as below:

We will pay damages which **a covered person** [2] is legally entitled to recover from the owner or operator of ... an *uninsured motor vehicle* because of bodily injury:

(1) Sustained by **a covered person**; and

(2) Caused by an accident.

The *owner's or operator's liability* for these damages *must arise out of the ownership, maintenance or use* of the **uninsured motor vehicle**.... [Emphasis added.]

In addition, the policy defines an "uninsured motor vehicle" as "a land motor vehicle or trailer of any type", but excludes from this definition "any vehicle or equipment [which is] ... [d]esigned mainly for use off public roads while not on public roads." Because tractors and haywagons are vehicles which are primarily intended for use off of the public highways, if they were not in operation on a public road, they would be excluded from the definition of an uninsured motor vehicle and there would clearly be no coverage under the uninsured motorist provisions. However, such is not the case here, since these vehicles were in use on a public highway at the time the injury occurred.

 Because farm tractors and haywagons are motor vehicles within the context of the policy, we must next ascertain whether the injury arose out of the ownership, maintenance or use of the uninsured motor vehicle. In reaching our conclusion, we must take into consideration the purpose behind uninsured motorist coverage. "Automobile insurance, including uninsured motorist provisions, are

---

**2.** A "covered person" under the policy includes the insured or any family member. Therefore, Hugh Smith, III is a covered person within the meaning of the policy.

designed to compensate victims for *vehicle-caused* injuries." *Schweitzer v. Aetna Life & Casualty Co.*, 306 Pa.Super. 300, 304, 452 A.2d 735, 737 (1982) (emphasis added). Accordingly, in determining whether the injury arose out of the ownership, maintenance or use of the motor vehicle, we must look to the *"instrumentality used to cause* the the injury." *Spisak v. Nationwide Mutual Insurance Co.*, 329 Pa.Super. 483, 487, 478 A.2d 891, 893 (1984) (emphasis in original).

This court has interpreted the phrase "maintenance and use of a motor vehicle" to mean the "maintenance or use of a motor vehicle *as a vehicle*, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it", *Camacho v. Nationwide Insurance Co.*, 314 Pa.Super. 21, 23, 460 A.2d 353, 354 (1983), *affirmed per curiam*, 504 Pa. 351, 473 A.2d 1017 (1984) (emphasis added). Moreover, we have required that "there must be some causal connection between the injuries and the use of the motor vehicle." *Alvarino v. Allstate Insurance Co.*, 370 Pa.Super. 563, 568, 537 A.2d 18, 21 (1988) (and the cases cited therein). "The causal connection need not rise to the level of proximate causation; however, . . . the connection must be more than mere happenstance." *Roach v. Port Authority of Allegheny County*, 380 Pa.Super. 28, 35, 550 A.2d 1346, 1350 (1988).

We must now relate these principles to the facts of this case. Appellants argue that the vehicle caused Smith's injury since hay was thrown from the haywagon, and hay is an essential part of a hayride. Contrary to appellants' contention, however, Smith's injuries were not caused by the use of the vehicle, but by the intentional act of a third-party, e.g. the passenger, throwing hay. Thus, the injury was caused by a source which is external to the vehicle, and not the vehicle itself. *See Schweitzer, Camacho, Alvarino* and *Roach, supra*, where the injury was caused by an external source in each case. The fact that the hay was used is simply irrelevant to the question of whether the vehicle was the instrumentality which caused

the injury. Certainly, the boy who threw the hay could have thrown any other object at Smith which might also have caused him to collide with the tree or to sustain other injury. As a result, it is clear that the injury was not caused by the vehicle, but by the boy intentionally throwing hay in Smith's face.

Because we are unable to discern any causal connection between the vehicle and the injury, the injury cannot be said to arise from the ownership, maintenance or use of the vehicle. Therefore, appellants are not entitled to recover any benefits under this provision of the policy, and the trial court was correct in dismissing the petition to compel arbitration.

The second issue raised by appellants concerns whether the tractor and haywagon were uninsured. We need not address this issue in view of our determination that the injury did not arise out of the ownership, maintenance or use of the vehicle. However, even if we were to discuss this issue, we would be unable to do so because the record contains nothing, aside from the unsupported allegations in appellants' petition, which is indicative of whether the tractor and haywagon were in fact uninsured.

Order affirmed.