587 A.2d 333

**Tim HUBER, Appellant,**

**v.**

**ERIE INSURANCE EXCHANGE, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1990.

Filed Feb. 20, 1991.

John R. Ryan, Clearfield, for appellant.

Beth E. Ammerman, Clearfield, for appellee.

Before CIRILLO, President Judge, and JOHNSON and MONTGOMERY, JJ.

OPINION PER CURIAM:

This is an appeal from an order granting appellee Erie Insurance Exchange's motion for judgment on the pleadings. Finding no error, we affirm.

Appellant, Tim Huber, submitted a claim to his insurer, Erie Insurance Exchange, seeking first party medical benefits under his automobile insurance policy. Huber's injuries occurred when he was loading materials into his vehicle. Erie denied the claim, relying on a clause in the policy which excluded first party benefits when the person sustains injury while loading or unloading a motor vehicle, except while occupying the motor vehicle. Huber then filed a complaint seeking first party benefits, interest and attorney's fees. After the pleadings closed, Erie filed a motion for judgment on the pleadings. The court granted this motion, holding the exclusionary clause valid and finding no causal connection between the injuries sustained and the use of the motor vehicle. This appeal followed.

■ Appellant first contends that the exclusionary clause in question is invalid under the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701 *et seq.* The language of the exclusionary clause tracks the language which appeared in the No-fault Motor Vehicle Act, 40 P.S. § 1009.103, the predecessor of the MVFRL. Although the MVFRL still requires that compensable injuries arise "out of the maintenance or use of a motor vehicle," 75 Pa.C.S. § 1711, 1712, the act does not define "maintenance or use" nor does it specifically exclude loading/unloading injuries as did the No-fault Act. From these circumstances, appellant argues that the Legislature intended that all loading/unloading injuries are to be included in first party coverage. We do not find these circumstances to point so clearly to the conclusion appellant desires.

The repeal of the No-fault Act and the subsequent enactment of the MVFRL were motivated in large part by a desire to stem the rapidly rising cost of automobile insurance. J. Ronca, L. Sloane, J. Mundy, *Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law*, 15 (1986). The expansion of first party benefits by court decisions was particularly decried by at least one legislator during the House Debate on MVFRL. See, Remarks of Representative Michael Mathew Dawida, House

Debate, December 14, 1983, Legislative Journal 2244, quoted in *Persik v. Nationwide Mut. Ins. Co.*, 382 Pa.Super. 29, 554 A.2d 930 (1989). From this we can conclude that the Legislature did not intend to expand first party coverage when it passed the MVFRL. "... [O]ne objective in the repeal of the No-fault Act and the enactment of the Financial Responsibility Law was reduction of the number of first party recoveries...." *Id.*, 382 Pa.Superior Ct. at 38, 554 A.2d at 935 (Cirillo, P.J., dissenting). Thus, we cannot conclude that the mere omission of the loading/unloading language which had been included in the No-fault Act evidences a legislative intent that first party coverage should be expanded to cover all loading/unloading injuries. Rather, we believe that we must return to the "maintenance or use" language to determine whether appellant's injuries are compensable.[1]

■■■■ It is beyond cavil that first party benefits are not paid simply because an injury occurs in or around a motor vehicle. We must keep in mind that the MVFRL, like the No-fault Act before it, is not a general liability insurance intended to cover all injuries, no matter how remotely connected with the use or maintenance of a motor vehicle, but is intended to cover motor vehicle accidents. *Camacho v. Nationwide Ins. Co.*, 314 Pa.Super. 21, 460 A.2d 353 (1983), *aff'd* 504 Pa. 351, 473 A.2d 1017 (1984). Automobile insurance is designed to compensate for vehicle-caused injuries. *Smith v. United Services Automobile Association*, 392 Pa.Super. 248, 572 A.2d 785 (1990). There must be some causal connection between the motor vehicle and the injury before the motor vehicle insurer is required to pay first party benefits. *Roach v. Port Authority of Allegheny Co.*, 380 Pa.Super. 28, 550 A.2d 1346 (1988). In *Roach*, for example, the plaintiff was riding on a bus and was injured as the result of a fight between two other passengers. Since there was no causal link between the injury and the use of a motor vehicle, this court upheld the trial court's dismissal of plaintiff's complaint. Similarly, in *Alvarino v.*

---

1. The following analysis encompasses appellant's second argument, that he was in fact "occupying" the vehicle at the time of his injury.

*Allstate Ins. Co.*, 370 Pa.Super. 563, 537 A.2d 18 (1988), the lack of a causal connection precluded recovery where a child was bitten by a dog while riding in a motor vehicle. *See also, Smith v. United Services Automobile Association, supra* (where passenger on haywagon threw hay at plaintiff causing him to collide with a tree, first party benefits not available); *McKelvey v. Prudential Property & Cas. Ins. Co.*, 392 Pa.Super. 216, 572 A.2d 769 (1990) (insured who injured his shoulder when he glanced off door frame while rushing to his children after house was struck by automobile not covered under MVFRL).

This court has, in past cases, looked to the No-fault Act for assistance in interpreting the MVFRL. Under the No-fault Act, the requisite causal connection in loading/unloading situations was set forth in the statute as occupying, entering into or alighting from the vehicle. 40 P.S. § 1009.103. Using that definition, this court determined that an insured who was standing behind his car unloading a boat from the car roof was not entitled to first party benefits when he fell and was injured. *Dull v. Employers Mut. Cas. Co.*, 278 Pa.Super. 569, 420 A.2d 688 (1980). In *Martin v. Recker*, 380 Pa.Super. 527, 552 A.2d 668 (1988), the insured was standing at the rear of a tractor trailer with one foot on the doorjamb of the trailer and the other foot on the floor of the ramp leading to the trailer. Again, the court found that he was not occupying, entering into or alighting from the vehicle.

Appellant relies on *Callahan v. Federal Kemper Ins. Co.*, 390 Pa.Super. 201, 568 A.2d 264 (1989), and *Omodio v. Aetna Life and Cas.*, 384 Pa.Super. 544, 559 A.2d 570 (1989), as support for his argument that he was in fact occupying the vehicle at the time of his injury and therefore the requisite causal connection is shown. In these cases, this court held that a clause excluding *all* loading/unloading injuries, regardless of whether the injury arose out of the maintenance or use of a motor vehicle, was invalid under the MVFRL. Moreover, in both of those cases, the

insured was in fact inside the vehicle at the time of the injury and was therefore occupying it.

Appellant also cites to *Utica Mut. Ins. Co. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984), arguing that he meets the criteria for "occupying" a vehicle set forth therein.[2] These criteria are:

(1) there is a causal relation or connection between the injury and the use of the insured vehicle;

(2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

(3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and

(4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

We must disagree. Assuming *arguendo* that appellant met the first three elements of this definition, he has clearly failed to meet the final element. Contrary to appellant's argument, loading materials into his vehicle is not a transaction essential to the use of the vehicle, although it may certainly be a transaction convenient to the vehicle operator.

In view of the purpose of the MVFRL, i.e., compensating victims of automobile accidents, and the legislative intent of restricting, to some extent, first party coverage in order to keep insurance costs manageable, we must conclude that appellant has not shown a causal connection between his injuries and the vehicle. Accordingly, we affirm the trial court's order.

Order affirmed.

---

**2.** The issue in Utica was whether the decedent was occupying a vehicle for purposes of receiving coverage from his employer's uninsured motorist carrier.