*382
 
 POPOVICH, Judge:
 

 This is an appeal from the order of the Allegheny County Court of Common Pleas which granted summary judgment in favor of appellee, State Farm Mutual Automobile Insurance Company. We affirm.
 

 The record reveals the following facts, as set forth in appellee’s motion for summary judgment, which are not in dispute. On September 26,1990, while operating his vehicle which was insured by appellee, appellant backed his car into an unoccupied, parked vehicle. After the impact, appellant exited his vehicle in order to ascertain what, if any, damage had occurred and to locate the owner of the vehicle. Immediately after stepping out of his car, appellant was attacked and beaten by the owner of the parked car. Appellant admits his injuries were caused by the attack and not by the impact of his vehicle with the parked car. Based on those facts, the lower court granted appellee’s motion, stating, “The Pennsylvania Appellate Courts have rejected Plaintiff’s argument that motor vehicle insurance coverage reaches injuries intentionally inflicted by third persons as a result of the manner in which a vehicle was operated.
 
 See Erie Insurance Group v. Eisenhurth,
 
 [Eisenhuth] [305 Pa.Super. 571] 451 A.2d 1024 (Pa.Super.1982).
 
 See also Day v. State Farm,
 
 [261 Pa.Super. 216] 396 A.2d 3 (Pa.Super.1978).”
 

 Herein, appellant, Kenneth Cummings, questions whether, under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701
 
 et seq.,
 
 the injuries he sustained arose out of the “maintenance or use of a motor vehicle.” Appellant contends that the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 3745, specifically required him to stop his vehicle and locate the owner of the car he hit. Therefore, he maintains that since his action of exiting the vehicle was mandatory under the Pennsylvania Vehicle Code, his injuries clearly arose from the “use of his vehicle.” We disagree.
 

 
 *383
 
 The standard for reviewing an order granting summary judgment was set forth in
 
 Vargo v. Hunt,
 
 398 Pa.Super. 600, 601, 581 A.2d 625, 626 (1990), as follows:
 

 A determination of whether the grant or denial of a motion for summary judgment is to be upheld requires an appellate court to decide whether the pleadings, depositions, answers to interrogatories, admission and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.
 
 Overly v. Kass,
 
 382 Pa.Super. 108, 554 A.2d 970, 971 (1989); see also
 
 Chiricos v. Forest Lake Council Boy Scouts of America,
 
 391 Pa.Super. 491, 571 A.2d 474, 475 (1990). In making such a finding, we must accept as true all properly pleaded facts, as well as all reasonable inferences which might be drawn therefrom. Furthermore, we shall not disturb the trial court’s ruling unless there has been an error of law or a manifest abuse of discretion.
 
 Overly v. Kass,
 
 supra.
 

 See also,
 
 Pa.R.C.P. 1035;
 
 Dorohovich v. West American Ins. Co.,
 
 403 Pa.Super. 412, 419-21, 589 A.2d 252, 256 (1991);
 
 Bodnik v. Philadelphia,
 
 135 Pa.Cmwlth. 453, 454-455, 580 A.2d 1187, 1187 (1990).
 

 Presently, we are guided by the language of
 
 Huber v. Erie Ins. Exchange,
 
 402 Pa.Super. 443, 446-447, 587 A.2d 333, 334-335 (1991)
 
 [1]
 
 wherein, we stated:
 

 It is beyond cavil that first party benefits are not paid simply because an injury occurs in or around a motor vehicle. We must keep in mind that the MVFRL, like the No-fault Act before it, is not a general liability insurance intended to cover all injuries, no matter how remotely connected with the use or maintenance of a motor vehicle, but is intended to cover motor vehicle accidents.
 
 Camacho v. Nationwide Ins. Co.,
 
 314 Pa.Super. 21, 460 A.2d 353 (1983),
 
 aff'd
 
 504 Pa. 351, 473 A.2d 1017 (1984). Auto
 
 *384
 
 mobile insurance is designed to compensate for vehicle-caused injuries.
 
 Smith v. United Services Automobile Association,
 
 392 Pa.Super. 248, 572 A.2d 785 (1990). There must be some causal connection between the motor vehicle and the injury before the motor vehicle insurer is required to pay first party benefits.
 
 Roach v. Port Authority of Allegheny Co.,
 
 380 Pa.Super. 28, 550 A.2d 1346 (1988). In
 
 Roach,
 
 for example, the plaintiff was riding on a bus and was injured as the result of a fight between two other passengers. Since there was no causal link between the injury and the use of a motor vehicle, this court upheld the trial court’s dismissal of plaintiff’s complaint. Similarly, in
 
 Alvarino v. Allstate Ins. Co.,
 
 370 Pa.Super. 563, 537 A.2d 18 (1988), the lack of a causal connection precluded recovery where a child was bitten by a dog while riding in a motor vehicle.
 
 See also, Smith v. United Services Automobile Association, supra
 
 (where a passenger on haywagon threw hay at plaintiff causing him to collide with a tree, first party benefits not available);
 
 McKelvey v. Prudential Property & Cas. Ins. Co.,
 
 392 Pa.Super. 216, 572 A.2d 769 (1990) (insured who injured his shoulder when he glanced off door frame while rushing to his children after house was struck by automobile not covered under MVFRL).
 

 See also Camacho v. Nationwide Ins. Co.,
 
 314 Pa.Super. 21, 460 A.2d 353 (1983), aff’d, 504 Pa. 351, 473 A.2d 1017 (1984) (injuries sustained by driver sitting in car from exploding bottle thrown into car did not arise out of use of motor vehicle);
 
 Erie Ins. Exchange v. Eisenhuth,
 
 305 Pa.Super. 571, 451 A.2d 1024 (1982) (injuries sustained by passenger sitting in car when shot by policeman during his pursuit of driver did not arise out of use of automobile).
 

 Applying the aforementioned standards to the case at bar, it is readily apparent that appellant’s injuries did not arise out of the “maintenance of use” of his motor vehicle and, therefore, are not covered by his insurance policy. Even appellant admits his injuries were not “vehicle-caused injuries.”
 
 Huber,
 
 402 Pa.Superior Ct. at 446, 587 A.2d at 334;
 
 Smith, supra.
 
 There was no causal link between
 
 *385
 
 appellant's injuries and his use of the motor vehicle. Rather, his injuries were the result of the physical attack which occurred after appellant has ceased operation of the motor vehicle and exited the vehicle. The present case is factually similar to the case of
 
 Day v. State Farm Mutual Insurance Co.,
 
 261 Pa.Super. 216, 219-220, 396 A.2d 3, 4-5 (1978), wherein stated:
 

 The real issue in this case involves the instrumentality used to cause the injury, not whether it was intentionally or accidentally inflicted. Automobile insurance, including uninsured motorist provisions, are designed to compensate victims for vehicle-caused injuries. There must be some connection between the harm done and the insured vehicle. See
 
 Wheeler et al. v. London Guarantee & Accident Co.,
 
 292 Pa. 156, 140 A. 855 (1928),
 
 Ferry v. Protective Indemnity Company of New York,
 
 155 Pa.Super. 266, 38 A.2d 493 (1944),
 
 Presbyterian University of Pennsylvania Medical Center v. Keystone Insurance Co. and Willie Bass,
 
 251 Pa.Super. 71, 380 A.2d 381 (1977). The vehicle itself is covered by the automobile policy, and an individual is covered only by nature of his function as the driver of that vehicle. The intent of the driver becomes relevant only after a determination is made that the injury complained of was caused by the vehicle. This is, in fact, the meaning of the language “arising out of the ownership, maintenance or use of such uninsured motor vehicle,” contained in the State Farm policy.
 

 In the instant case, Day’s broken ankle was caused by Williams knocking him down with his fists, not with his truck. In point of fact, no injury was caused by the collision of the two vehicles in question. Williams was clearly not behaving as a motorist at the time of his assault on Day.
 

 Day could not have recovered from Williams’ automobile carrier for the type of injury he received in the fight, and he is also precluded from recovering from his own carrier, State Farm, under the terms of the Uninsured
 
 *386
 
 Motorist provision of his policy. The injury sustained was simply not within the scope and terms of that policy.
 

 Although
 
 Day, supra,
 
 was decided under the Uninsured Motorists Act, 40 Pa.S.A. § 2000
 
 et seq.,
 
 we agree with our conclusion therein that injuries which are sustained as a result of a physical altercation between drivers after an accident, and not as a result of the accident itself, do
 
 not
 
 arise out of the “maintenance or use” of a motor vehicle.
 
 [2]
 
 Therefore, just as those injuries are not covered under the Uninsured Motorist Act, those injuries are not covered by an automobile insurance policy issued pursuant to the MVFRL, 75 Pa.C.S.A. § 1711, 1712. Since the lower court did not commit an error of law and no material issues of fact remain, we affirm.
 
 [3]
 

 Order affirmed.
 

 [1]
 

 . In
 
 Huber, supra,
 
 we ruled that an insured was not entitled to first-party benefits under his automobile policy for injuries he sustained when he was loading materials into his vehicle, absent a showing of a causal connection between injuries and the vehicle, i.e., loading was not a transaction essential to the "maintenance or use of the vehicle”.
 

 [2]
 

 . We note that appellant has not even cited
 
 Day, supra,
 
 much less attempted to distinguish this case, despite the fact that the trial court’s decision expressly rested upon
 
 Day, supra.
 

 [3]
 

 . In reaching our decision, we looked to numerous cases previously decided under the now repealed No-Fault Motor Vehicle Insurance Act, 40 Pa.S.A. § 1009.101
 
 et seq.,
 
 for assistance in interpreting the MVFRL and, in particular, the phrase "maintenance or use of a motor vehicle." This same practice has been employed previously by this court on numerous occasions.
 
 See Dorohovich,
 
 403 Pa.Superior Ct. at 422-423, 589 A.2d at 257;
 
 Huber,
 
 402 Pa.Superior Ct. at 446-447, 587 A.2d at 335;
 
 Omodio v. Aetna Life and Casualty,
 
 384 Pa.Super. 544, 559 A.2d 570 (1989).