## Neade v. Motorists Mutual Insurance Co.

*Lester Krasno,* for plaintiff.
*Harry D. McMunigal,* for defendant.

DOLBIN, *J.,* February 7, 1992—Defendant Motorists Mutual Insurance Co.'s motion for judgment on the pleadings is presently before this court. Briefs have been filed by counsel for each party, and this matter is now ready for disposition.

### FACTS

The pleadings in this case essentially set forth the following:

On December 28, 1982, plaintiff was traveling south on Legislative Route 53016 in Walker Township, Schuylkill County. Patrick Tobin, simultaneously was traveling north on Legislative Route 53016 when he lost control of his vehicle, causing it to cross over into the southbound lane. Plaintiff then turned onto the west berm to avoid the oncoming vehicle. Tobin's vehicle struck plaintiff's vehicle on the rear side. Fol-

lowing the collision, Tobin fled the scene. Plaintiff's husband, a passenger in her vehicle, got behind the wheel and pursued Tobin. Tobin traveled approximately one mile and then pulled off the road and parked behind the residence of William Kellett of R.D. no. 1, Tamaqua, Pa. Plaintiff's husband stopped her vehicle and confronted Tobin. Tobin denied being involved in the accident. During this time, a passenger in Tobin's vehicle assaulted plaintiff. Plaintiff was transported to the Coaldale Hospital for treatment of injuries sustained as a result of the assault and battery.

At the time of the alleged incident, plaintiff was the named insured under a contract of general automobile and endorsement automobile insurance pursuant to policy no. 2055-05-831496-09A in accordance with the Pennsylvania No-Fault Motor Vehicle Insurance Act. Plaintiff has demanded basic personal injury protection benefits under said policy for the injuries she sustained as a result of the assault and battery. Defendant has denied coverage for plaintiff's injuries. Defendant's denial is based on the terms of the policy which provide that coverage applies to a person injured while occupying a vehicle, or as a result of the maintenance or use of a vehicle. Plaintiff filed the complaint in the within action on January 12, 1984. Defendant filed an answer and new matter, and the plaintiff filed a reply to new matter. The pleadings are now closed and defendant moves for judgment on the pleadings.

## DISCUSSION

The disposition of this case revolves around the question of whether, under the Pennsylvania No-Fault Motor Vehicle Act, 40 P.S. §1009.103, (the predecessor of

the Motor Vehicle Financial Responsibility Law), the injuries which plaintiff sustained arose out of the "maintenance or use of a motor vehicle." Plaintiff contends that, even though she suffered her injuries as a result of an assault and battery committed by an intervening third party, she should not be denied the award of benefits under the No-Fault Act. Plaintiff maintains that her act of alighting from her car in order to take down the license plate number and then being assaulted falls within the scope of the "maintenance or use of a motor vehicle." We disagree.

The Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. §1009.103 defines "maintenance or use of a motor vehicle" as follows:

The term "means maintenance or use of a motor vehicle as a vehicle, including incident to its maintenance or use as a vehicle, occupying, entering into or alighting from it. Maintenance or use of a motor vehicle does not include:

"(a)  conduct within the course of a business of repairing, servicing or otherwise maintaining motor vehicles unless the conduct occurs off the business premises; or

"(b)  conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or *alighting* from it." (emphasis supplied)

We interpret the legislative intent of section 103 to find that the term "alighting" means simply to exit the vehicle. By this interpretation, becoming involved in an altercation after exiting a vehicle goes beyond the scope of "simply exiting" a vehicle.

Our interpretation of section 103 is supported by a recent Superior Court decision. *Cummings v. State Farm Mutual Automobile Insurance Co.,* 408 Pa. Super. 381, 596 A.2d 1138 (1991). We find *Cummings, supra,* to be the controlling case in determining "maintenance or use" of a motor vehicle. *Cummings, supra,* citing *Huber v. Erie Insurance Exchange,* 402 Pa. Super. 443, 446-447, 587 A.2d 333, 334-335 (1991), states "[w]e are guided by the language of [*Huber*]," wherein, we stated:

"It is beyond cavil that first-party benefits are not paid simply because an injury occurs in or around a motor vehicle. We must keep in mind that the MVFRL, like the No-Fault Act before it, is not a general liability insurance intended to cover all injuries, no matter how remotely connected with the use or maintenance of a motor vehicle, but is intended to cover motor vehicle accidents." *Cummings, supra,* also cites *Roach v. Port Authority of Allegheny Co.,* 380 Pa. Super. 28, 550 A.2d 1346 (1988). (emphasis supplied)

In *Roach, supra,* the plaintiff was riding on a bus and was injured as the result of a fight between two other passengers. Since there was no causal link between the injury and the use of a motor vehicle, plaintiff's complaint was dismissed. *Id.*

Lastly, in *Smith v. United Services Automobile Association,* 392 Pa. Super. 248, 572 A.2d 785 (1990), the court held: "There must be some causal connection between the motor vehicle and the injury before the motor vehicle insurer is required to pay first-party benefits" *Id.*

In the present case, we find no causal connection between plaintiff's injuries and her "use" of the motor vehicle. Rather, her injuries were the result of the physical attack of a passenger in the vehicle that struck her vehicle which occurred after plaintiff ceased operation of her motor vehicle and exited the vehicle. The actual instrumentality used to cause plaintiff's injuries was the hand of the passenger; not the insured vehicle. No injury was caused by the collision of the two vehicles, thus plaintiff's injuries did not arise out of the "maintenance or use" of her motor vehicle.

Defendant contends that there are no genuine issues of material fact in the pleadings; and the only issue in his case involves interpretation of the insurance policy and the Pennsylvania No-Fault Act. We agree.

In considering whether to grant judgment on the pleadings, "[t]he moving party's right to succeed is certain and the case so free from doubt that a trial would clearly be a fruitless exercise. *Jones v. Travelers Insurance Co.,* 356 Pa. Super. 213, 216, 514 A.2d 576, 578 (1986). As noted above, we are certain that plaintiff's injuries did not arise from the "maintenance or use" of her motor vehicle. In further support of our decision to grant defendant's motion for judgment on the pleadings, we rely on *Keystone Automated Equipment Co. v. Reliance Insurance Co.,* 369 Pa. Super. 472, 535 A.2d 648, *appeal dismissed,* 546 A.2d 59 (1988). The court held in pertinent part:

"Accordingly, in an action on a liability insurance policy, the trial court properly granted the insurer's motion for judgment on the pleadings where it was

clear that the liability incurred by the insured was not within the coverage of the policy." *Id.*

Accordingly, we enter the following

## ORDER OF COURT

And now, February 7, 1992, at 11:15 a.m., upon consideration of the defendant's motion for judgment on the pleadings, defendant's brief in support of the motion, plaintiff's brief in opposition, it is hereby ordered that judgment is entered in favor of the defendant Motorists Mutual Insurance Co., and against the plaintiff Elaine Neade.