## Smith v. Erie Insurance Group

*Robert G. Yeatts,* for plaintiff.
*Donald R. McKay,* for defendant.

FORNELLI, *P.J.,* August 2, 1993—On May 27, 1992, plaintiff suffered various injuries[1] when a vehicle that

---

1. Plaintiff alleges that he suffered "cuts to his face and arms" along with "emotional and psychological trauma" and that "[h]e has incurred a variety of medical bills." (Complaint, paras. 5 and 6.)

he was operating was struck by bullets fired into his vehicle.[2] Although plaintiff was not hit by any of the bullets, he was hit by flying glass fragments, which were a direct result of the bullets' entry into plaintiff's vehicle.

Plaintiff filed an action for declaratory judgment against the defendant, his auto insurance carrier, on March 8, 1993, when defendant refused to pay plaintiff's medical bills which arose out of this incident. Plaintiff alleges he was wrongly denied coverage for his injuries because of defendant's contention that his injuries "did not arise out of any activity connected to the operation or maintenance of his vehicle." (Complaint, para. 7.)

Defendant filed an answer which avers that plaintiff's medical bills were not paid because there was "no causative factor between the use of the vehicle and the injuries sustained, viz, it was not a vehicle-caused injury; [and] it was not that vehicle or its use that caused his injuries." Now before this court is plaintiff's motion for judgment on the pleadings[3] in which the defendant joins.

Pa.R.C.P. 1034 permits any party to make a motion for judgment on the pleadings only "[a]fter the pleadings are closed, but within such time as not to delay trial...." "A motion for judgment on the pleadings should be granted only where the pleadings demonstrated that no genuine issue of facts exists, and the moving party is entitled to judgment as a matter of law." *Kelly v.*

2. The pleadings do not contain any allegations that the gunshots fired at plaintiff were intentional.

3. Plaintiff pled in this motion that the defendant filed new matter with his answer and that the plaintiff filed a reply to defendant's new matter. This is a misstatement by the plaintiff, since these additional pleadings were never filed and do not appear on the record in this action.

*Nationwide Insurance Co.,* 414 Pa. Super. 6, 606 A.2d 470 (1992).

Pennsylvania's Motor Vehicle Financial Responsibility Law, (hereinafter MVFRL) 75 Pa.C.S. §1712 requires in relevant part that:

"An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title,... shall make available for purchase first-party benefits with respect to injury arising out of the maintenance or use of a motor vehicle...."

In accordance with section 1712 of the MVFRL, the policy issued by defendant, Erie Insurance Group,[4] to the plaintiff provides the plaintiff with the following coverage under the headings "First-Party Benefits" and "Our Promise":

"As selected in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, as amended, we will pay for:

"(1) medical expense,

"(2) funeral expenses, and

"(3) income loss,

"arising from bodily injury to any person we protect due to an accident resulting from the maintenance or use of a motor vehicle as a vehicle. We will pay these benefits no matter who is at fault in the accident." (Complaint, exhibit A.)

Thus, the sole determinative issue in this case is whether the plaintiff's injuries arose out of the maintenance or use of a motor vehicle.

---

4. Defendant avers that its correct name is Erie Insurance Exchange. (Answer, para. 2.)

The MVFRL does not define the phrase "maintenance or use of a motor vehicle." We look, therefore, to the decisions under the now repealed No-Fault Motor Vehicle Insurance Act, 40 Pa.C.S. §1009.101 et. seq., for assistance in interpreting this phrase under the MVFRL and plaintiff's insurance policy. See *Cummings v. State Farm Mutual Automobile Insurance Co.,* 408 Pa. Super. 381, n.3, 596 A.2d 1138, n.3 (1991).

*Cummings* quotes a prior Pennsylvania Superior Court decision which stated:

"It is beyond cavil that first-party benefits are not paid simply because an injury occurs in or around a motor vehicle. We must keep in mind that the MVFRL, like the No-Fault Act before it, is not a general liability insurance intended to cover all injuries, no matter how remotely connected with the use or maintenance of a motor vehicle, but is intended to cover motor vehicle accidents. *Camacho v. Nationwide Insurance Co.,* 314 Pa. Super. 21, 460 A.2d 353 (1983), *aff'd*, 504 Pa. 351, 473 A.2d 1017 (1984). Automobile insurance is designed to compensate for vehicle-caused injuries. *Smith v. United Services Automobile Association,* 392 Pa. Super. 248, 572 A.2d 785 (1990). There must be some causal connection between the motor vehicle and the injury before the motor vehicle insurer is required to pay first-party benefits. *Roach v. Port Authority of Allegheny Co.,* 380 Pa. Super. 28, 550 A.2d 1346 (1988)." *Cummings,* 596 A.2d at 1139, quoting *Huber v. Erie Insurance Exchange,* 402 Pa. Super. 443, 446-47, 587 A.2d 333, 334-35 (1991). The Pennsylvania Superior Court has also stated that:

"The legislative scheme contained in the No-Fault Act is to provide, at reasonable cost, a statewide system of protection and compensation for individuals injured as

a result of motor vehicle accidents, irrespective of fault. This purpose cannot reasonably be construed to encompass protection for injuries which are totally unconnected with an insured vehicle or so remotely connected therewith that the role of the vehicle has been merely incidental." *Howe v. Harleysville Insurance Companies,* 313 Pa. Super. 65, 67-68, 459 A.2d 412, 413 (1983).

The injuries of the plaintiff here were only remotely connected to the insured vehicle and can only be properly characterized as merely incidental to the vehicle. Although the "causal connection need not rise to the level of proximate causation, for purposes of coverage under the No-Fault Act there must be some connection more than mere chance or happenstance...." *Metzel v. State Farm Mutual Auto Insurance Co.,* 389 Pa. Super. 30, 33, 566 A.2d 600, 602 (1989), quoting *Schweitzer v. Aetna Life and Casualty Co.,* 306 Pa. Super. 300, 303, 452 A.2d 735, 737 (1982).

This case is factually analogous to *Erie Insurance Exchange v. Eisenhuth,* 305 Pa. Super. 571, 451 A.2d 1024 (1982) and *Howe,* 313 Pa. Super. 65, 459 A.2d 412, both of which involved injuries to passengers resulting from bullets being fired into moving vehicles.

In *Eisenhuth* the plaintiff, a passenger, was shot by a policeman, who was pursuing the driver of the vehicle. The court therein determined that the plaintiff's "injuries did not arise out of the use or maintenance of a motor vehicle" as required under the No-Fault Act and the policy issued by the defendant insurer. *Eisenhuth,* 305 Pa. Super. at 573, 451 A.2d at 1025. The court further opined that "the cause of [plaintiff's] injuries was a gunshot, not his being a passenger in [the] automobile." *Id.*

The plaintiff in *Howe* was a passenger who was injured when a hunter mistakenly believed that the jeep in which

plaintiff was riding was a deer and shot at it, causing a bullet to be lodged in plaintiff's leg. *Howe,* 313 Pa. Super. at 67, 459 A.2d at 412-13. The court in *Howe* held that the plaintiff could not recover under the No-Fault Act, since "the connection between the injury and the insured vehicle was nothing more than mere chance or happenstance." *Id.* at 70, 459 A.2d at 414.

Plaintiff attempts to distinguish the facts in *Eisenhuth* from the facts in this case by pointing out that his injury was caused by a part of the vehicle, i.e. flying glass, and not by a bullet as in *Eisenhuth.* (Plaintiff's brief in support of motion for declaratory judgment at 5-6.) Plaintiff thereby submits that he is entitled to benefits since "the vehicle itself caused the injuries."

This court believes, however, that plaintiff overlooks the fact that the window's role in the injury is mere happenstance. If plaintiff's distinction were valid, then a claimant's right to recover would turn on whether his window was up or down when suffering a gunshot wound.

Accordingly, this court finds that the role of plaintiff's vehicle in his injuries resulted from mere chance or happenstance, and did not arise out of the use or maintenance of a motor vehicle. This case is more accurately described as "an accident which merely occurred while in a motor vehicle" rather than as "a motor vehicle accident." Consequently, defendant's motion for judgment on the pleadings is granted and plaintiff's motion for judgment on the pleadings is denied.

Hence this

## ORDER

And now, August 2, 1993, defendant's motion for judgment on the pleadings is granted and plaintiff's motion for judgment on the pleadings is denied.