493 A.2d 731

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant,**

**v.**

**Myrtle McDANIEL, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 28, 1984.

Filed May 24, 1985.

558

Max L. Spencer, Philadelphia, for appellant.

Samuel S. Davis, Philadelphia, for appellee.

Before WIEAND, MONTEMURO and CERCONE, JJ.

WIEAND, Judge:

Prudential Property and Casualty Insurance Company (Prudential) commenced an action for declaratory judgment to determine the validity of an arbitration award entered against it and in favor of Myrtle McDaniel. The trial court, in response to preliminary objections filed by McDaniel, concluded that Prudential was attempting to attack the arbitration award collaterally and dismissed the action. We affirm.

Myrtle McDaniel had been a passenger in a motor vehicle operated by Doll Wilson when it was involved in a collision with an uninsured motorist on February 16, 1980. The Wilson vehicle involved in the accident had been one of three vehicles insured in a collective policy issued by Prudential. When the parties were unable to resolve the McDaniel claim amicably, McDaniel filed, on September 4, 1980, a petition to compel the appointment of an arbitrator. On March 11, 1981, the court entered an order directing Prudential to arbitrate. Prudential then appointed an arbitrator. The arbitrators heard the dispute and, on June 11, 1982, entered an award in favor of McDaniel in the amount of $45,000.00. Prudential did not move to vacate, modify or correct the award. Instead, Prudential commenced an action for declaratory judgment on September 28, 1982, more than three months after the award of arbitrators had been made. Prudential contended in its petition for declaratory judgment that the issue of stacking had been non-arbitrable and that arbitration by two of the arbitrators—Prudential's appointed arbitrator did not participate—was invalid.

Relief by declaratory judgment is not available with respect to a "[p]roceeding involving an appeal from an order of a tribunal." 42 Pa.C.S. § 7541(c)(3). Where ancillary proceedings can be utilized to resolve the issues raised in a declaratory judgment petition, the declaratory judgment action should be dismissed. See: *North Canton Enterprises of Pennsylvania, Inc. v. Township of Ross,* 74 Pa.Cmwlth. 479, 484, 459 A.2d 1366, 1369 (1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1283, 79 L.Ed.2d 687 (1984). If, as Prudential contends, the McDaniel claim was non-arbitrable or the arbitrators were guilty of misconduct or exceeded their powers, Prudential's remedy was by an application to the court to vacate the award. See: 42 Pa.C.S. § 7314(a). See also: Act of April 25, 1927, P.L. 381, § 10, 5 P.S. § 170, *repealed,* Act of October 5, 1980, P.L. 693, § 501(c) (effective December 4, 1980). Because this procedure was available to appellant, it could not obtain

560

review of the arbitration award by a declaratory judgment proceeding. Prudential could not ignore the procedure established by the Uniform Arbitration Act (or the Arbitration Act of 1927) and proceed to attack the award collaterally by declaratory judgment proceedings. Cf. *United States ex rel. Roberts v. Commonwealth of Pennsylvania*, 312 F.Supp. 1, 2 (E.D.Pa.1969). The trial court properly sustained preliminary objections to Prudential's action.

Order affirmed.