621 A.2d 158

**Robert D. FISHER and E. Elizabeth Fisher, Natural Parents and Guardians of Donald T. Fisher, a minor, and Robert D. Fisher and E. Elizabeth Fisher in Their Own Right**

**v.**

**HARLEYSVILLE INSURANCE COMPANY, Selective Insurance Company of America, James W. Kennedy and Allstate Insurance Company**

**Appeal of HARLEYSVILLE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 22, 1992.

Filed March 8, 1993.

Paul S. Goldman, Lancaster, for appellant.

Michael W. Wagman, Lancaster, for Fisher, appellees.

Joel D. Smith, Lancaster, for Selective Ins., appellee.

Before WIEAND, FORD ELLIOTT and HOFFMAN, JJ.

WIEAND, Judge:

In this action for declaratory judgment, the trial court determined that Donald T. Fisher had been an "occupant" of a truck which had been owned by Timothy Wiker and insured by Harleysville Insurance Company (Harleysville). Therefore, the court entered summary judgment holding that Fisher was entitled to recover underinsured motorist benefits from

Harleysville. Harleysville appealed. After careful review, we affirm.

On November 29, 1988, Fisher and his friend, Timothy Wiker, went deer hunting. At or about 1:00 p.m., they were driven to the hunting area in Wiker's pickup truck by Fisher's uncle, Harry Fisher. Later the same afternoon, the driver returned to the hunting area and waited for the hunters on the berm of the roadway. At or about 5:30 p.m., they emerged from the woods and approached the truck. Harry Fisher directed both hunters to unload their guns before entering the car and turned on the headlights so that they could see in the darkness. As the driver sat in the truck, with engine running, Donald Fisher unloaded his rifle in the glare of the headlights. Before he could retrieve all the shells, however, he was struck by an approaching vehicle operated by James W. Kennedy and insured by Allstate Insurance Company. As a consequence, Fisher sustained serious fractures of both legs. Allstate subsequently tendered to Fisher its policy limits of fifteen thousand ($15,000) dollars.

In the action for a declaratory judgment to determine liability for underinsured motorist benefits, both Harleysville and Selective Insurance Company (Selective) were named as defendants. Selective insured the claimant, Donald Fisher, through a policy covering his parents' vehicles. Because the court determined that the claimant had been an occupant of the Wiker truck, it held that primary coverage for underinsured motorist benefits arose under the policy which had been issued by Harleysville. This was pursuant to 75 Pa.C.S. § 1733, which requires, in the case of multiple policies of insurance, that payment first be made from the policy "covering a motor vehicle occupied by the injured person at the time of the accident."

█ A motion for summary judgment can only be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See: *Marks v. Tasman*, 527 Pa. 132, 134, 589 A.2d 205, 206 (1991); *Carns v. Yingling*, 406 Pa.Super. 279, 282, 594 A.2d 337, 339 (1991); *Mariscotti v. Tinari*, 335 Pa.Super. 599, 601, 485 A.2d

56, 57 (1984); *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983). The proper construction of a policy of insurance is a matter of law which may properly be resolved by a court pursuant to a motion for summary judgment. See: *Steinbacher v. Page*, 410 Pa.Super. 586, 588, 600 A.2d 608, 609 (1991); *Vale Chem. Co. v. Hartford Accident & Indem. Co.*, 340 Pa.Super. 510, 516 n. 4, 490 A.2d 896, 899 n. 4 (1985), *rev'd on other grounds*, 512 Pa. 290, 516 A.2d 684 (1986).

■ In *Utica Mutual Insurance Company v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984), the Pennsylvania Supreme Court adopted a four part test to determine whether a person not actually inside a vehicle can be found nevertheless to be an occupant of such vehicle. The Court said:

> [W]e hold that when a person is engaged in the lawful use of an insured vehicle, he will be considered to be "occupying" that vehicle within the meaning of the policy, provided he can meet the following criteria:
>
> > (1) there is a causal relation or connection between the injury and the use of the insured vehicle;
> >
> > (2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;
> >
> > (3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and
> >
> > (4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

*Id.* at 336, 473 A.2d at 1009, citing *Rau v. Liberty Mut. Ins. Co.*, 21 Wash.App. 326, 334, 585 P.2d 157, 162 (1978).

In the instant case, the Wiker truck had been used to take Wiker and Fisher hunting and had returned to pick them up after dark. While Fisher was immediately in front of the truck, where he was engaged in unloading his rifle in preparation for entering the vehicle,[1] he was struck by an approaching vehicle. At the time of the accident, Fisher was in close proximity to the truck. He was also truck oriented because

---

1. It is provided by statute at 34 Pa.C.S. § 2503(a) that it is unlawful to have a loaded firearm in a vehicle.

he was making preparation to enter the same lawfully and carefully. Under the circumstances, moreover, there was a causal connection between the injuries which he sustained and the use of the truck. We conclude, therefore, that the trial court correctly determined that the insurer which provided coverage for the Wiker truck was primarily liable for payment of underinsured motorist benefits. Fisher was an occupant of the Wiker truck within the meaning of the Harleysville policy and the Motor Vehicle Financial Responsibility Law at 75 Pa.C.S. § 1733.

Affirmed.