657 A.2d 1

**Sharon LUCAS–RASO, Appellant,**

**v.**

**AMERICAN MANUFACTURERS INSURANCE COMPANY, Gordon Saul, in his own Right and/or d/b/a Gilbertsville Associates and Gilbertsville Associates M & S Company.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1994.

Filed Feb. 28, 1995.

Reargument Denied May 10, 1995.

162

Jeffry S. Pearson, Norristown, for appellant.

Diane M. Matlesky, Philadelphia, for American Mfrs. Ins. Co., appellee.

Before OLSZEWSKI, JOHNSON and HESTER, JJ.

HESTER, Judge:

Sharon Lucas–Raso appeals from the May 19, 1994 order entered in this declaratory judgment action by the Bucks County Court of Common Pleas. The court granted appellee, American Manufactures Insurance Company, a worker's compensation insurance carrier, subrogation rights as to the other defendants in this personal injury suit. We have determined that 75 Pa.C.S. § 1720 does not bar appellee from asserting its subrogation rights against the other defendants in appellant's law suit since her injury did not arise from the maintenance or use of a motor vehicle. Therefore, we affirm.

The facts, as summarized by the trial court, are undisputed. [Appellant] testified that on January 10, 1987, she was the store manager for the Fashion Bug located in the Gilbertsville Shopping Center. On that morning, she drove to work. It was snowing. It was still snowing when she arrived at the parking lot of the shopping center, and there was a dusting of snow on the surface. She parked in the shopping center parking lot in front of the World Travel Store which was immediately next door to the Fashion Bug. She parked facing a driveway immediately in front of those stores. She got out of her car, locked it, and crossed the access lane within the parking lot and immediately adjacent to the Fashion Bug. It was still snowing. She waited until the

assistant manager arrived, and then, pursuant to company policy, they both entered the store. They went to the rear of the store where they secured the proceeds of the previous day's business, calculated it, and checked it with the register tapes. She then prepared the deposit slip and put the deposit and the deposit slip in a locked bank bag. Once again, pursuant to company policy, she and the assistant left the store with the deposit bag, relocking the store. They walked to her car where she unlocked the passenger door and the assistant manager entered the car. It was their intention to drive the bank deposit bag to the bank so as to make the deposit. It was company policy for this entire procedure to be followed, including the two of them driving the deposit bag to the bank, which was located in the same shopping center. After the assistant manager had entered the vehicle, the plaintiff began to walk towards the rear of the vehicle with the intention of walking around the car and to the driver's side door where she intended to enter it in order to drive to the bank. As she was walking towards the rear of the car, she fell in a hole in the parking lot. She was not touching the car at that time and did not fall against it. The fall, apparently, was caused by a hole in the parking lot and a slippery condition caused by the still falling snow.

The defendant felt that she was hurt and sat on the ground for a few moments in order to collect herself. Of course, the assistant manager had gotten out of the car and eventually helped her to her feet. She thereupon walked around the car, got into the driver's seat, and they then drove to the bank where the deposit was made. It was this fall which forms the basis of the law suit against the other defendants.

As a result of the fall, and whatever injuries she incurred, in addition to the lawsuit heretofore referred to, she made a claim for Workmen's Compensation benefits. As a result of that claim, she has received benefits in the approximate amount of $35,000.00. As a result, the defendant, American Manufacturers Insurance Company, the Workmen's Compensation carrier, intends to assert a subrogation claim

against any recovery she makes against the other defendants named herein.

Trial Court Opinion, 3/5/93, at 1–3. The court concluded that it could not find a causal connection between appellant's injuries and the use of her vehicle. Therefore, it determined that the worker's compensation carrier was not barred from asserting its rights to subrogation as to the other defendants in the suit. Appellant filed this appeal.

Appellant argues that the trial court erred as a matter of law in declaring that her injuries did not arise from the maintenance or use of an automobile and that 75 Pa.C.S. § 1720 did not bar appellee from asserting a third-party claim against the shopping center defendants. The Act of February 12, 1984, P.L. 26, No. 11, Section 3, 75 Pa.C.S. §§ 1701 *et seq.,* is a chapter of the Vehicle Code known as the Motor Vehicle Financial Responsibility Law, essentially the successor to the No–Fault Motor Vehicle Insurance Act, 40 Pa.S. §§ 1009.101 to 1009.701. Section 1720 of the current statute provides, in relevant part, as follows:

> In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under Section 1711 (relating to required benefits) 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement, whether primary or excess under Section 1719 (relating to coordination of benefits).

The only issue to be resolved is clarification of the meaning of the term "maintenance or use of a motor vehicle" as intended in this section. Clearly, if we determine that appellant's injuries were sustained as a result of the maintenance or use of her vehicle, appellee would be barred from asserting a subrogation claim. *See Allstate Insurance Company v. McFadden,* 407 Pa.Super. 537, 595 A.2d 1277 (1991).

In *Alvarino v. Allstate Insurance Company,* 370 Pa.Super. 563, 537 A.2d 18 (1988), we adopted the interpretation of a Pennsylvania Supreme Court case, decided before the enactment of the No–Fault Act, which construed the phrase "arising out of the ownership, maintenance or use" of a motor vehicle. The Court held that the phrase "arising out of means causally connected with, not proximately caused by." *Id.* "But for" causation, i.e., a cause and result relationship, is enough to satisfy this provision of the policy. *Id.* 370 Pa.Super. at 567, 537 A.2d at 20, quoting *Manufacturers Casualty Insurance Company v. Goodville Mut. Cas. Co.,* 403 Pa. 603, 607–08, 170 A.2d 571, 573 (1961). This rationale also was determined to be applicable to the phrase as used in the No–Fault Act. *See Schweitzer v. Aetna Life and Casualty Company,* 306 Pa.Super. 300, 452 A.2d 735 (1982). A finding that the harm arose from an instrumentality or external force other than the motor vehicle itself will defeat a claim that the vehicle contributed to the cause of the injuries. *Erie Insurance Exchange v. Eisenhuth,* 305 Pa.Super. 571, 451 A.2d 1024 (1982) (injuries sustained by passenger sitting in car who was shot did not arise from the use of the motor vehicle).

While the No–Fault Act was promulgated to compensate persons injured in motor vehicle accidents, it was not intended to be a general liability insurer whose coverage extended to all injured parties no matter how tenuous the connection between the injury and the use of a motor vehicle. *See Camacho v. Nationwide Insurance Company,* 314 Pa.Super. 21, 460 A.2d 353 (1983); *see also Monaghan v. Pennsylvania Manufacturer's Association Insurance Company,* 301 Pa.Super. 419, 424, 447 A.2d 1037, 1040 (1982) ("No–Fault was not intended to be a panacea for all injuries that could be traced to a motor vehicle no matter how far removed from the actual operation of a vehicle").

We have held that when a person is engaged in the lawful use of an insured vehicle, that person is deemed to be an occupant that vehicle if the following criteria are met.

(1) [T]here is a causal relation or connection between the injury and the use of the insured vehicle;

(2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not actually be touching it;

(3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time;

(4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

*Utica Mutual Insurance Company v. Contrisciane,* 504 Pa. 328, 336, 473 A.2d 1005, 1009 (1984).[1]

In defining the parameters of the instant issue, we have held that when determining issues of causation, the legislature intended to compensate losses directly resulting from motoring accidents and to leave injuries tangential to driving to other systems of compensation. *Prudential Property and Casualty Insurance v. McDaniel,* 342 Pa.Super. 557, 493 A.2d 731 (1985). Moreover, there must be evidence that the use of the motor vehicle contributed to the injuries sustained and the harm suffered. *Alvarino v. Allstate Insurance Company,* 370 Pa.Super. 563, 537 A.2d 18 (1988). The injuries suffered must arise from the use of the motor vehicle. *Id.* Throughout more recent decisions, we have relied upon and expanded prior interpretations of the "maintenance and use" clause since that language remains a threshold requirement in the current statute. *See* 75 Pa.C.S. § 1720. Moreover, we have elaborated upon the purpose of automobile insurance and have reiterated that it is designed to compensate vehicle-caused injuries. *Smith v. United Services Automobile Association,* 392 Pa.Super. 248, 572 A.2d 785 (1990). There must be a link between the injury and the motor vehicle before compensation will be awarded. *Roach v. Port Authority of Allegheny County,* 380 Pa.Super. 28, 550 A.2d 1346 (1988).

It is not disputed that "maintenance and use" is presumed if occupancy can be shown. Appellant argues that she was an occupant of her vehicle and therefore, using it at the time of

---

1. This test was formulated after a thorough review of several insurance policies and an analysis consistent with the Uninsured Motorist Act. 40 Pa.S. § 2000.

her injury.[2]  To establish occupancy, appellant cites *Fisher v. Harleysville Insurance Company*, 423 Pa.Super. 362, 621 A.2d 158 (1993),[3] and *Frain v. Keystone Insurance Company*, 433 Pa.Super. 462, 640 A.2d 1352 (1994),[4] and maintains that she satisfies the test formulated in *Utica Mutual Insurance Co. v. Contrisciane, supra,* 504 Pa. 328, 473 A.2d 1005, for determining whether she was occupying her vehicle.

While we acknowledge that the Motor Vehicle Financial Responsibility Act was promulgated with the intention of providing complete coverage to Commonwealth motorists,[5] the decisions relied upon by appellant are distinguishable from the instant facts.  Specifically, *Frain, Fisher,* and *Utica,* involve the presence of *another* motor vehicle which served as either the instrument or the impetus for the injury.  We ruled that the claimants were in the process of entering their vehicles when they incurred their injuries.  In each case, we determined that the chain of causation as represented by entry into their vehicles, remained unbroken by the occurrence with

2.  We stress that occupancy is not established simply because an injury occurs in or adjacent to a vehicle.  *See Huber v. Erie Insurance Exchange,* 402 Pa.Super. 443, 587 A.2d 333 (1991).

3.  In *Fisher,* the claimant was driven to a site to hunt deer.  State law mandates that a motor vehicle occupant may not possess a loaded gun.  Therefore, while the driver sat in the truck with the engine running, Fisher stood in the beam of its headlights to unload his rifle.  Before he could gather all his shells, he was struck by an oncoming car.  We found that a causal connection existed pursuant to 75 Pa.C.S. § 1733, which requires, in cases of multiple policies of insurance, the payment must first be made from the policy which covers the "motor vehicle occupied by the injured person at the time of the accident."  We concluded that because he needed to unload his rifle before entering and because he was making preparation to enter the vehicle when he was struck, there was causation.

4.  In *Frain,* the claimant was entering a friend's parked vehicle after a ceramics class.  Believing that an oncoming vehicle would hit the parked car, Mrs. Frain ran away from the vehicle and tripped over a flower bed.  We determined that the claimant was an occupant of the vehicle since she had placed her handbag in the car, and was in the process of entering the vehicle through the opened front door when she turned and ran from the oncoming tractor trailer.  The fact that her entry was interrupted by an attempt to dodge harm did not break the chain of causation.

5.  *See Walters v. Kamppi,* 118 Pa.Commw. 487, 545 A.2d 975 (1988).

harm. The role played by the second vehicle was the causal link and pivotal in the injuries caused in *Frain, Fisher,* and *Utica.* In effect, it was the presence of another vehicle which prevented the claimants from completing the process of entering their vehicles. Herein, no other vehicle was involved, appellant had not entered then exited the vehicle, she had not even opened her driver's side door or started her engine. She merely argues that she was walking toward the rear of the car with the intention of entering it when she fell into the snow-covered pothole.

■ Even if we agreed that falling in the pothole did not constitute a break in appellant's act of entry into her motor vehicle, and concurred that she, therefore, was an occupant, she still must prove the existence of a causal connection between the injuries sustained and the maintenance and use of the motor vehicle. *See Alvarino v. Allstate Ins. Co., supra,* 370 Pa.Super. 563, 537 A.2d 18 (lack of a causal connection precluded recovery where child was bitten by dog while riding in a motor vehicle); *see also Roach v. Port Authority of Allegheny County,* 380 Pa.Super. 28, 550 A.2d 1346 (1988) (causal connection nonexistent where passenger on bus was injured as the result of a fight between two other passengers); *see also McKelvey v. Prudential Property and Casualty Insurance Company,* 392 Pa.Super. 216, 572 A.2d 769 (1990) (injuries suffered by an insured who injured shoulder when he struck a door frame while rushing to aid his children after an automobile crashed into his home were not covered under the Motor Vehicle Responsibility Law).

■ Automobile insurance compensates claimants who are injured in vehicle-caused injuries. *Smith v. United Services Automobile Association,* 392 Pa.Super. 248, 572 A.2d 785 (1990). Undisputably, entering a vehicle is essential to it's use. *See Frain v. Keystone Insurance Company, supra,* 433 Pa.Super. 462, 640 A.2d 1352. Presently, appellant, who intended to enter her automobile, claims she stumbled after stepping into a snow-covered pothole and was injured as a result. She has failed to show how her vehicle contributed to

her fall. Clearly, if appellant had encountered the same snow-covered pothole in a different location in the parking lot, this case would not be before us. Appellant has offered no connection to link her fall to the use of her vehicle other than her claim that she was en route to enter it. The facts illustrate that it was not the act of entering her vehicle which caused appellant's fall, and there was no other vehicle involved to break the chain of entry.

Moreover, while we acknowledge the principle that an employee injured in a job-related motor vehicle accident may be in greater need of Worker's Compensation benefits than in any other type of job injury,[6] appellant presents us with no evidence that the legislature intended to encompass all injuries, no matter how tenuous. Clearly, appellant has manipulated case law and formulated an argument which transgresses a reasonable, rational approach to compensating injured persons. Therefore, while we acknowledge that appellant was vehicle-oriented at the time of her fall, she has failed to establish the necessary nexus between her injury and the use of the insured vehicle.

Order affirmed.

OLSZEWSKI, J., files a Concurring Statement.

OLSZEWSKI, Judge, concurring:

We respectfully concur in the result, but write separately. We would hold that section 1720 does not apply because the "action" at issue, the one in which appellee insurer has asserted its subrogation rights, is appellant's slip-and-fall case against the parking lot owner and its maintenance contractor. This tort suit is not an "action[ ] arising out of the maintenance or use of a motor vehicle"; rather, it is an action arising out of the tortfeasors' alleged negligence in maintaining a parking lot. For this reason, we would find that we need not address the question of whether appellant was "occupying" her vehicle when she fell.

---

6. *See Walters v. Kamppi, supra,* 118 Pa.Cmwlth. 487, 545 A.2d 975.