## Anderson v. Magline Inc.

C.P. of Washington County, no. 92-7643.

*Kenneth J. Yablonski,* for plaintiffs.
*Paul S. Mazeski,* for intervenor.
*Randy K. Hareza,* for defendants.

GILMORE, *J.,* June 5, 1996—This matter is before the court on plaintiffs' motion in limine with respect to medical and wage loss expenses and a petition to intervene pursuant to Pa.R.C.P. 2328 filed by petitioner, Pennsylvania Manufacturers' Association Insurance Company.

The action arose from an incident occurring on or about November 5, 1991, during which the plaintiff was unloading pallets from a tractor-trailer using a mobile dock manufactured and distributed by defendant and a forklift. The dock became disconnected from the tractor-trailer and collapsed, causing the injuries which gave rise to this action.

The first issue presented to the court is whether this action arose out of the maintenance or use of a motor vehicle, thereby precluding petitioner, PMA's right of subrogation.

The second issue is whether evidence of plaintiff's medical expenses and wage loss benefits paid and payable by PMA is admissible at trial.

Plaintiff contends that the action arose out of the maintenance or use of a motor vehicle, and PMA, therefore, has no right to subrogation under section 1720 of the Pennsylvania Motor Vehicle Financial Responsibility Law.

Section 1720 of the MVFRL provides:

"In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits . . . ." 75 Pa.C.S. §1720 (Supp. 1995).

The Pennsylvania Appellate Courts have held that "arising out of" means causally connected with. *Lucas-Raso v. American Manufacturers Insurance Co.,* 441 Pa. Super. 161, 166, 657 A.2d 1, 3 (1995). However, a finding that the harm arose from an instrumentality or external force other than the motor vehicle itself defeats the claim that the vehicle contributed to the cause of the injuries. *Id.* The involvement of the motor vehicle must not be merely incidental to the cause of the injuries. *Alvarino v. Allstate Insurance Co.,* 370 Pa. Super. 563, 568, 537 A.2d 18, 21 (1988).

Here the plaintiff's injuries were allegedly caused by the collapse of a mobile loading dock. The instrumentality that caused the injuries from which the action arose was the allegedly defective condition of the loading dock, a source external to the vehicle, not the vehicle itself. *Dorohovich v. West American Insurance Co.,* 403 Pa. Super. 412, 425, 589 A.2d 252, 259 (1991).

The Superior Court in *Lucas-Raso* stated that "the legislature intended to compensate losses directly re-

sulting from motoring accidents and to leave injuries tangential to driving to other systems of compensation." *Id.* at 167, 657 A.2d at 3 (citing *Prudential Property and Casualty Insurance v. McDaniel,* 342 Pa. Super. 557, 493 A.2d 731 (1985)). The losses incurred as a result of the allegedly defective loading dock are tangential to driving, and, therefore, section 1720 of the MVFRL does not apply, and PMA's subrogation interest should be allowed.

Additionally, because the amounts paid by PMA for medical expenses and wage loss are recoverable, evidence of the medical expenses and wage loss is admissible at the time of trial.

### ORDER

And now, June 5, 1996, after argument and based on the briefs filed and the above memorandum, plaintiffs' motion in limine as to the subrogation rights of petitioner, Pennsylvania Manufacturers' Association Insurance Company is denied. Plaintiffs' motion in limine as to the admissibility of wage loss benefits paid by petitioner is granted. Petitioner, Pennsylvania Manufacturers' Association Insurance Company's petition to intervene is hereby granted.