**Mark CURRY, Huron Insurance Company and the Harleysville Insurance Companies**

v.

**HURON INSURANCE COMPANY and The Harleysville Insurance Companies, Appellees.**

**Appeal of: Mark Curry, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 2001.
Filed Aug. 13, 2001.

Craig L. Fishman, Pittsburgh, for appellant.

Krista M. Kochosky, Pittsburgh, for Huron Ins. Co., appellee.

Before: DEL SOLE, President Judge, JOHNSON, and BECK, JJ.

JOHNSON, J.

¶ 1 Mark Curry appeals from the trial court's order granting a motion for summary judgment filed by Huron Insurance Company and The Harleysville Insurance Companies' (the Defendants) and dismissing Curry's cause of action. Curry contends that the trial court erred in concluding that there was no genuine issue of material fact as to whether he was an occupant of his employer's vehicle at the time of his injuries. Upon review, we conclude that the trial court has neither erred as a matter of law nor abused its discretion. Accordingly, we affirm.

¶ 2 The undisputed facts of this case arise from circumstances surrounding injuries Curry received during the course of his employment with Management Engineering Corporation (MEC). MEC employed Curry to supervise and inspect the construction of a runway-paving project at the Pittsburgh International Airport. To allow him to perform his duties, MEC provided Curry with a pick-up truck to transport him to and from the project site. MEC equipped the truck with a rotating, yellow beacon, which Curry used to demarcate his position on the site. The employment of the beacon is required by

federal regulation and, ostensibly, the beacon served to warn nearby aircraft of a person's location on the runway.

¶ 3 On the day of his injury, Curry was performing a compaction study on the runway surface, approximately 20 feet from the truck. While Curry crouched over an instrument to take a reading, he was struck by a loaded dump truck and sustained extensive and permanent injuries. After agreeing to a provisional settlement with a third-party tortfeasor, Curry contacted the Defendants, which provided MEC with uninsured motorist coverage, seeking benefits from MEC's uninsured motorist policy. The Defendants denied coverage. Curry then filed a civil action seeking a declaratory judgment to compel coverage. At the close of the pleadings, the Defendants filed a motion for summary judgment, which the trial court granted. Thereafter, Curry filed this appeal.

¶ 4 Curry presents the following issues for our review:

A. Was Mr. Curry "occupying" his employer's vehicle at the time he suffered severe injuries?

B. Is Mr. Curry entitled to coverage under his employer's underinsured motorist policy?

C. Did the trial court err in granting summary judgment against [Curry]?

Brief for Appellant 2. We note that Curry's third issue is the only one that presents a question of trial court error. Furthermore, Curry has failed to include in his argument section a discussion corresponding to the first two issues presented. As such, Curry's last issue is the only one preserved for our review and accordingly is the sole basis for our disposition. Notwithstanding our focus on Curry's last issue, our analysis and subsequent conclusion will necessarily require a discussion of the questions posed in Curry's first two issues.

¶ 5 Our review of the trial court's grant of summary judgment is plenary. *See Juniata Valley Bank v. Martin Oil Company*, 736 A.2d 650, 655 (Pa.Super.1999). Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions and affidavits and other materials demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Swartley v. Hoffner*, 734 A.2d 915, 918 (Pa.Super.1999), *appeal denied*, 561 Pa. 660, 747 A.2d 902 (1999); *see* Pa.R.C.P. 1035.1–1035.5. We apply the same standard of review as the trial court in that we view the record in the light most favorable to the party opposing the motion and resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *See P.J.S. v. Pennsylvania State Ethics Commission*, 555 Pa. 149, 723 A.2d 174, 176 (1999). We will reverse the trial court's grant of summary judgment only upon an abuse of discretion or error of law. *See Murphy v. Duquesne University of the Holy Ghost*, 745 A.2d 1228, 1232–33 (Pa.Super.1999), *appeal granted*, 771 A.2d 1286 (Pa.2000).

¶ 6 In support of his third question, Curry argues that the trial court erred as a matter of law in concluding that he was not "occupying" the truck at the time of the accident, and consequently, failed to present a genuine issue of material fact to avoid summary judgment. Brief for Appellant at 11. Curry's argument relies on a four-prong test our Supreme Court established in *Utica Mutual Ins. v. Contrisciane*, 504 Pa. 328, 473 A.2d 1005 (1984) and this Court's application of *Utica* in *Fisher v. Harleysville Ins. Co.*, 423 Pa.Super. 362, 621 A.2d 158 (1993). Brief for Appellant at 10–12.

¶ 7 The proper construction of an insurance policy is a matter of law, which a court may properly resolve when ruling on

a motion for summary judgment. *See Fisher,* 621 A.2d at 159. Our Supreme Court has adopted rules of law interpreting uninsured motorist provisions within insurance policies where coverage is granted to those "occupying" the insured vehicle at the time of the accident. In *Utica,* our Supreme Court adopted the following criteria for determining whether a claimant will be deemed to "occupy" a vehicle such that they sustain cognizable losses under the policy:

(1) there is a causal relation or connection between the injury and the use of the insured vehicle;

(2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

(3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and

(4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

*See Utica,* 473 A.2d at 1009.

¶ 8 In *Utica,* the decedent, whose estate claimed he was "occupying" a covered vehicle, was standing 97 feet away from his car, giving information to a police officer who had recently stopped him, when struck by an oncoming car. Applying the foregoing criteria to the facts before it, the Court determined that the decedent occupied his vehicle because: 1) his fiancé was still in the car and thus "obviously anticipating the continuation of their journey"; 2) the only reason the decedent found himself outside of his car was due to statutory requirements and the officer's request that he wait by the squad car; and 3) "it was the use of the vehicle which precipitated the [ ] series of events." *Utica,* 473 A.2d at 1009.

¶ 9 This Court has had occasion to interpret and apply the test adopted in *Utica.*

In *Fisher,* the claimant was driven to a site to hunt deer. *See Fisher,* 621 A.2d at 159. Because state law prohibited a motor vehicle occupant from possessing a loaded gun, Fisher stood in the beam of the vehicle's headlights to unload his rifle. *See id.* at 160. Before Fisher could collect the shells, an oncoming car struck him. *See id.* at 159. We concluded that because Fisher was removing the shells from his rifle in order to legally enter the vehicle and conducting an activity in preparation to enter the vehicle, Fisher was "vehicle oriented" and engaged in a transaction essential to the use of the vehicle and therefore an occupant of the vehicle. *See id.* at 160.

¶ 10 In *Frain v. Keystone Ins. Co.,* 433 Pa.Super. 462, 640 A.2d 1352 (1994), the plaintiff placed her handbag in the car before jumping away from the car to avoid being hit by another vehicle. *See Frain,* 640 A.2d at 1356. In so doing, she sustained compensable injuries. *See id.* There, we concluded that the plaintiff was vehicle oriented because she was preparing to enter the car moments before the accident and that her process of entering the car was essential to its use. *See id.*

¶ 11 Here, the trial court found, and we agree, that Curry failed to allege facts to support the third and fourth prongs of the *Utica* test. Trial Court Opinion, 12/12/00, at 4–5. Curry insists that he was "vehicle oriented" at the time of the accident because "he was working on the runway, and Federal Law *required* him to use the beacon light on his employer's truck to mark his position." Brief for Appellant 13. Notwithstanding any Federal regulation requiring the use of a beacon, Curry's location outside of the truck was determined primarily by the fact that he was conducting an impact study on the runway. Unlike the injured parties in the cases above, Curry was not engaged in an

activity directed towards or in preparation of entering the vehicle. Therefore, Curry failed to satisfy the third criterion of *Utica.*

¶ 12 With respect to the final prong, Curry contends that he "was outside of [the truck], because he was using it as a beacon, in compliance with Federal law [,and that his] position on the runway *rendered use of the vehicle as a beacon essential to comply with Federal Regulations.*" Brief for Appellant at 14 (emphasis added). Unfortunately for Curry, this contention misconstrues the language and application of the fourth prong. While the injured parties in *Utica* and *Fisher* were complying with statutory mandates just before their injuries, they did so in order to continue their lawful use of the vehicle. Here, Curry concedes, in his Statement of the Case, that he was outside of the truck to test the compaction of the road surface— clearly not an activity essential to the lawful operation of a truck. Brief for Appellant at 3. Furthermore, Curry's assertion that his position on the runway made *the use of the truck essential to compliance* with Federal Regulations is antithetical to the requisite showing that his activity was *essential to the use of the truck.* Therefore, we conclude that Curry failed to meet the four-prong criteria set forth in *Utica.* Consequently, we conclude further that Curry has failed to demonstrate that there is a genuine issue of material fact in this case. Accordingly, we conclude that the trial court has neither erred as a matter of law nor abused its discretion in granting the Defendants' motion for summary judgment and dismissing Curry's action.

¶ 13 For the foregoing reasons, we affirm.

¶ 14 Order **AFFIRMED**.