**PHILADELPHIA AMBULATORY CARE CENTER, INC. and ZARRETT REHABILITATION ASSOCIATES, Appellants,**

v.

**RITE AID CORPORATION and TIG Insurance Company and Lisa Romantino, Appellees.**

Superior Court of Pennsylvania.

Argued April 23, 2002.

Filed Aug. 7, 2002.

David Denenberg, Philadelphia, for appellants.

Marc H. Perry, Philadelphia, for appellees.

Before: DEL SOLE, P.J., TODD and MONTEMURO,* JJ.

DEL SOLE, P.J.

¶ 1 This is an appeal from an order granting summary judgment in favor of Appellee Rite Aid Corporation ("Rite Aid") and its insurer, Appellee TIG Insurance Company ("TIG").[1] The action was instituted by Appellants to recover the costs of medical services Appellants provided to

Lisa Romantino after she was injured in a 1995 automobile accident by a truck owned and insured by Appellees, respectively. In 1997, Ms. Romantino and Appellees signed a "General Release of All Claims" for consideration of $45,000.

¶ 2 Appellant Philadelphia Ambulatory Care Center, Inc. ("PACC") sought costs for Ms. Romantino's treatment from June 2, 1995, through September 28, 1995. Appellant Zarrett Rehabilitation Associates ("Zarrett") sought costs for Ms. Romantino's treatment from August 1, 1995, through May 15, 1996.

¶ 3 The trial court granted summary judgment to Appellees on the basis that the statute of limitations on Appellants' claims had run. Appellants raise essentially one issue on appeal: whether the grant of summary judgment was proper.

¶ 4 The applicable standard of review is as follows:

Our review of the trial court's grant of summary judgment is plenary. Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions and affidavits and other materials demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We apply the same standard of review as the trial court in that we view the record in the light most favorable to the party opposing the motion and resolve all doubts as to the existence of a genuine issue of material fact in favor of the nonmoving party.

---

* Retired Justice assigned to the Superior Court.

1. We note that Lisa Romantino was joined as an additional defendant by original defendants Appellees Rite Aid and TIG. However, their joinder complaint only requested liability on Ms. Romantino's part if it was determined they were liable. The trial court's order granting summary judgment in favor of

Appellees Rite Aid and TIG operated to enter judgment in favor of Ms. Romantino as well. Thus, this appeal is properly before us. Additionally, although Ms. Romantino is listed as an Appellee in this appeal, references to "Appellees" generally refer only to Rite Aid and TIG.

We will reverse the trial court's grant of summary judgment only upon an abuse of discretion or error of law.

*Curry v. Huron Ins. Co.*, 781 A.2d 1255, 1257 (Pa.Super.2001) (citations omitted).

■ ¶ 5 As a preliminary matter, we affirm the summary judgment as to Appellee Rite Aid. Appellants' claim for payment of first party medical benefits under the Motor Vehicle Financial Responsibility Law may only be properly directed at Rite Aid's insurer, TIG.

¶ 6 We next turn to the summary judgment in favor of TIG. The statute of limitations at issue in this case is 75 Pa.C.S.A. § 1721. The statute provides as follows (emphasis in original):

§ 1721. Statute of limitations

(a) General Rule.—If benefits have not been paid, an action for first party benefits shall be commenced within four years from the date of the accident giving rise to the claim. If first party benefits have been paid, an action for further benefits shall be commenced within four years from the date of the last payment.

(b) Minors.—For minors entitled to benefits described in section 1711 (relating to required benefits) or 1712 (relating to availability of benefits), an action for benefits shall be commenced within four years from the date on which the injured minor attains 18 years of age.

(c) Definition.—As used in this section the term "further benefits" means expenses incurred not earlier than four years preceding the date an action is commenced.

The accident involving Ms. Romantino occurred June 1, 1995. According to the first sentence of § 1721(a), if benefits were not paid, the four-year statute of limitations ran on June 1, 1999. The instant action was commenced on October 8, 1999.

¶ 7 Appellants argue, however, that benefits were paid, and the statute of limitations did not begin to run on the date of the accident, but rather on the date of the last payment, as provided for in the second sentence of § 1721(a).

■ ¶ 8 Appellants argue benefits were paid when Ms. Romantino executed Appellees' release on June 9, 1997, thus extending the statute of limitations through June 9, 2001, and thereby including their claim. We disagree. We find the release could not have been a payment of first party medical benefits as such a conclusion is prohibited by the provisions of 75 Pa. C.S.A. § 1722, which provides as follows:

§ 1722 Preclusion of recovering required benefits

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

Thus, under the plain meaning of § 1722, Ms. Romantino is precluded from directly recovering first party medical benefits covered under § 1721. Accordingly, we can not treat the 1997 settlement and release as such a payment. There was no payment of benefits (under the meaning of § 1721) and thus the statute of limitations began to run on the date of the accident. Because Appellants commenced their ac-

tion more than four years following the date of the accident, their claims are barred.

¶ 9 Although we find Appellants' claims do not fall under the second sentence in § 1721(a) because benefits were not paid, we also point out that even if there had been some payment of benefits, only a portion of Zarrett's costs, and none of PACC's costs, could possibly be recovered.

¶ 10 In order for Appellants to extend the statute of limitations via the second sentence in § 1721(a), they must be seeking "further benefits." Under the definition of further benefits provided in § 1721(c), the relevant expenses for which recovery is sought must have been incurred not more than four years prior to the filing of the suit.

¶ 11 Under the definition in § 1721(c), none of PACC's costs qualify as further benefits, because they were incurred more than four years prior to the October 8, 1999, filing of the instant action. For that same reason, all of Zarrett's expenses incurred prior to October 8, 1995, are similarly not recoverable as further benefits.

¶ 12 Order affirmed.[2]

---

**2.** We note that we received a post-submission communication from Appellants' counsel attaching a copy of a recent Commonwealth Court decision, *Niedermayer v. Pennsylvania Dept. of Transp.*, 797 A.2d 409 (Pa.Cmwlth. 2002). Counsel suggests that, based upon this decision, the trial court judge in this case, Judge William A. King, was without authority to preside over this case. We have no record before us upon which to make any evaluation of Judge King's authority.