**Robinson v. Clark**

*Barry Palkovitz,* for plaintiffs.
*David C. Martin Jr.,* for defendant.

KWIDIS, *J.,* November 30, 2009—Before this court is the defendants, Paul Clark t/d/b/a Colonial Grill's motion for summary judgment. Because material issues of tact exist regarding the defendants' liability, the motion for summary judgment is denied.

On the night of March 31, 2006 and into the early morning hours of April 1, 2006, the plaintiff's decedent, Yvonne Robinson, was drinking with friends at the defendant tavern, Colonial Grill. After consuming an excessive amount of alcohol, Ms. Robinson attempted to drive herself home. During her drive, Ms. Robinson was unable to negotiate a turn and collided with the guardrail.

Ms. Robinson sustained significant blunt trauma and crush injuries, which resulted in her death.

On January 31, 2007, the Plaintiff filed a complaint against the defendants, alleging, in part, that the defendants were negligent per se and in violation of the Pennsylvania Liquor Code, 46 Pa.C.S. §4-493, by selling alcoholic beverages to Ms. Robinson, who the plaintiff claims was visibly intoxicated.

On July 16, 2009, the defendants filed a motion for summary judgment alleging, in part, that he is not liable as: (1) Ms. Robinson was already visibly intoxicated when she arrived at the Colonial Grill around 10 p.m. on the night of the accident; (2) the defendants' bartender did not serve Ms. Robinson any alcohol that night; and (3) there is a significant discrepancy in time between Ms. Robinson's departure from the bar and the accident.

Under the Pennsylvania Rules of Civil Procedure, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The Supreme Court explained that "the record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991) (citing *Davis v. Pennzoil Co.,* 438 Pa. 194, 264 A.2d 597 (1970)) and *Curry v. Huron Insurance Co.,* 781 A.2d 1255, 1257 (Pa. Super. 2001). The Supreme Court further elaborated that "where the facts can support conflicting inferences, it cannot be said that the case is free and clear from doubt and thus ripe for summary judgment." *Wash-*

*ington v. Baxter,* 553 Pa. 434, 447 n.10, 719 A.2d 733, 740 n.10 (1998) (citing *Marks* at 135, 589 A.2d at 206.)

For purposes of determining whether the grant of summary judgment is precluded, the court must consider the following factors: (1) whether the plaintiff has alleged facts sufficient to establish a prima facie case; (2) whether there is any discrepancy as to any facts material to the case; and (3) whether granting summary judgment would result in the trial court usurping the role of the jury by resolving material issues of fact. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992); *Swords v. Harleysville Insurance Companies,* 584 Pa. 382, 883 A.2d 562 (2005).

Under these guidelines, this court has proceeded to analyze the controlling cases involving liquor liability.

The Pennsylvania Liquor Code, 46 Pa.C.S. §4-493 states that "it should be unlawful for any licensee . . . or any employee, servant or agent of such licensee . . . to sell, furnish or give any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated."

Therefore, in order for a bar or tavern to be held liable in Pennsylvania, the plaintiff must establish that said bar/tavern "sold, furnished, or gave liquor" to an intoxicated patron. However, dram shop liability may be proven without direct eyewitness testimony. Specifically, the Superior Court, in *Fandozzi v. Kelly Hotel Inc.,* 711 A.2d 524, 527 (Pa. Super. 1998), stated that even though the "appellants . . . offered no direct evidence that Shish was served alcohol at a time when he was visibly intoxicated . . ., we believe appellants have produced sufficient cir-

cumstantial evidence to create a jury question on this issue."

In the instant matter, a genuine question of fact exists as to the defendants' liability under the Pennsylvania Liquor Code. Neither party disputes that Ms. Robinson was visibly intoxicated while at the Colonial Grill on the night of the accident. However, the defendants argue that Ms. Robinson was already intoxicated when she arrived at the bar. The defendants also argue that the bartender never served Ms. Robinson any alcohol. The plaintiff's witnesses have sworn, in the alternative, that Ms. Robinson was drinking alcohol at the Colonial Grill, specifically, that Ms. Robinson was drinking "what looked like a mixed drink." A jury could make the logical inference that the drink Ms. Robinson was drinking was in fact alcoholic.

Therefore, sufficient evidence exists to support a jury's conclusion that the defendants "sold, furnished, or gave liquor" to Ms. Robinson while she was visibly intoxicated. On that basis, summary judgment is inappropriate in this case.

This court enters the following order.

## ORDER

And now, November 30, 2009, after argument and consideration of the defendants, Paul Clark t/d/b/a Colonial Grill's motion for summary judgment in the above-captioned case, it is hereby ordered and directed as follows:

The defendants' motion for summary judgment is denied.